CLARENCE PHARO, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR
DANNY PHARO v. STANLEY W. PEARSON AND FAITH S. PEAR-
SON

No. 758SC639

(Filed 17 December 1975)

1. **Animals § 2— dog bite — evidence of subsequent viciousness — exclusion improper**

In an action to recover for personal injuries sustained when the minor plaintiff was bitten by defendants' dog, the trial court erred in refusing to admit testimony that approximately four weeks after the event in question defendants' dog again came onto plaintiffs' premises, growled at the minor plaintiff and tried to jump him.

2. **Animals § 2; Rules of Civil Procedure § 51— ordinance requiring leashes on dogs — failure to instruct on ordinance — error**

By alleging a city ordinance requiring dogs to be muzzled or leashed, introducing the ordinance, which was not inconsistent with the State statute on the subject, G.S. 106-381, and by presenting testimony tending to show violation of the ordinance by defendants, plaintiffs made the ordinance a substantial feature of the case, and the trial judge was thereby under a positive duty to give appropriate jury instructions with respect to the ordinance.

APPEAL by plaintiffs from *Peel, Judge.* Judgment entered 24 April 1975 in Superior Court, LENOIR County. Heard in the Court of Appeals 14 November 1975.

In this action plaintiffs seek to recover for personal injuries (and medical expenses) resulting from the minor plaintiff's being bitten by defendants' dog. Plaintiffs' evidence tended to show:

On 5 October 1971 the nine-year-old minor plaintiff was playing with his dog in the yard of his parents' home in Kinston. Defendants' dog, an English Setter, and another dog entered plaintiffs' yard and began fighting with their dog. The minor plaintiff attempted to break up the fight by grabbing the collar of defendants' dog. Defendants' dog turned on the minor plaintiff, biting his right little finger and his left index finger, resulting in the loss of the former. Defendants' dog was

not kept muzzled or leashed, he had a reputation for being mean, and on two occasions in September of 1971, he growled and snarled at people in the neighborhood. Plaintiffs attempted to show that defendants' dog tried to bite the minor plaintiff some four weeks subsequent to the day in question but the court disallowed the testimony.

Defendants' evidence tended to show that their dog was not vicious, that he had a reputation for being gentle, that they had never received any complaints about him, that no dogs in the neighborhood were kept muzzled or leashed, that plaintiffs' dog was vicious and that it was he that bit the minor plaintiff.

For their verdict, the jury found (1) that defendants' dog bit the minor plaintiff as alleged in the complaint but (2) his injuries and damages were not caused by the negligence of defendants. From judgment predicated on the verdict, dismissing their action, plaintiffs appealed.

*Gerrans & Spence, P.A., by William D. Spence, for plaintiff appellants.*

*Jeffress, Hodges, Morris & Rochelle, P.A., by A. G. Jeffress, for defendant appellees.*

BRITT, Judge.

[1] By their first assignment of error, plaintiffs contend the trial court erred in excluding testimony tending to show the vicous propensity of defendants' dog approximately four weeks subsequent to the date on which the minor plaintiff was bitten. The assignment has merit.

In the trial of this action, it was proper, if not necessary, for plaintiffs to show that defendants' dog was "dangerous, vicious, mischievous, or ferocious, or one termed in law as possessing a vicious propensity; . . . . " *Swain v. Tillett*, 269 N.C. 46, 51, 152 S.E. 2d 297, 301 (1967), and cases therein cited. In addition to evidence as to what happened on the day the minor plaintiff was bitten, plaintiffs introduced evidence tending to show that defendants' dog growled and snarled at, and nearly attacked, one Connie Garner prior to 5 October 1971. Later, plaintiffs offered testimony by the minor plaintiff and his mother showing that approximately four weeks after he was bitten, and while he was on his parents' premises, defendants' dog again growled at him and tried to "jump him"; that the

mother was present and chased the dog away with a broom. The court refused to admit the testimony.

In 4 Am. Jur. 2d, Animals, § 125, p. 376, we find: "Where prior vicious habits or conduct of an animal have been shown, evidence of subsequent vicious conduct of the same nature is admissible." In 3A, C.J.S., Animals, § 221, p. 725, we find: "In an action to recover damages for personal injuries or damage to animals arising from the conduct of domestic animals, the general rules as to competency and relevancy of evidence apply in determining the admissibility of evidence concerning the character of the animal causing the injury. Evidence of specific instances of viciousness . . . is admissible. Also, evidence of the disposition and temperament of the animal both before and after the occurrence in question is admissible. . . . [A]nd evidence that it subsequently manifested a similar disposition is competent to prove that its previous conduct was not accidental or unusual, but the result of a fixed habit, provided that such evidence is not too remote in point of time."

We hold that the court erred in excluding the testimony.

[2]  By their other assignment of error, plaintiffs contend the court erred in failing to charge the jury with respect to Section 4-6 of the Code of Ordinances of the City of Kinston. We think the assignment has merit.

G.S. 1A-1, Rule 51(a), clearly imposes on the trial judge the duty to "declare and explain the law arising on the evidence given in the case." The ordinance in question provides as follows:

"It shall be unlawful for any dogs to be running at large without a muzzle on the streets or sidewalks of the City of Kinston, unless under the control of the owner, a member of his immediate family, or his authorized agent, either by leash, collar, chain, or otherwise."

In their complaint, plaintiffs pled this violation of the ordinance as one of the grounds of negligence and at trial introduced the ordinance into evidence and offered testimony tending to show its violation by defendants.

G.S. 14-4 makes the violation of a municipal ordinance a misdemeanor. In *Bell v. Page,* 271 N.C. 396, 399, 156 S.E. 2d 711, 715 (1967), we find: "The violation of a municipal ordinance imposing a public duty and designed for the protection

of life and limb is negligence *per se.*" But defendants argue that the subject matter of the ordinance in question has been preempted by a statewide statute, therefore, the ordinance has no validity.

G.S. 106-381 provides: "When an animal becomes vicious or a menace to the public health, the owner of such animal or person harboring such animal shall not permit such animal to leave the premises on which kept unless on leash in the care of a responsible person."

G.S. 160A-174(a) authorizes a city to enact ordinances to " . . . define, prohibit, regulate, or abate acts, omissions, or conditions, detrimental to the health, safety, or welfare of its citizens and the peace and dignity of the city . . . . " G.S. 160A-174(b) requires that ordinances be consistent with the constitutions and laws of the State and nation and sets forth certain instances in which an ordinance would not be consistent with State or federal law. The section concludes with the following sentence: "The fact that a State or federal law, standing alone, makes a given act, omission, or condition unlawful shall not preclude city ordinances requiring a higher standard of conduct or condition." *See State v. Tenore,* 280 N.C. 238, 247, 185 S.E. 2d 644, 650 (1972).

We hold that the ordinance in question is not inconsistent with G.S. 106-381. The statute is designed to provide minimum protection against vicious dogs in all parts of the State—rural, urban, small villages and large cities. It stands to reason that with more concentrated population, cities are justified in adopting stricter regulations for dogs. The City of Kinston is authorized to require "a higher standard of conduct or condition" with respect to the keeping of dogs within its corporate limits than is required by G.S. 106-381 for the State generally.

By alleging the ordinance, introducing it in evidence, and presenting testimony tending to show its violation by defendants, plaintiffs made the ordinance a substantial feature of the case, thereby imposing on the trial judge a positive duty to give appropriate jury instructions with respect to the ordinance.

For the reasons stated, we order a new trial on all issues.

New trial.

Judges VAUGHN and ARNOLD concur.