**Jimmy V. MAYLE, Plaintiff,**

v.

**CITY OF NEW CASTLE et al., Defendants.**

**Civ. A. No. 75–1529.**

United States District Court, W. D. Pennsylvania.

Aug. 6, 1976.

Papa & Panella, New Castle, Pa., for plaintiff.

Clem R. Kyle, Arthur R. Gorr, James F. Manley, Egler & Reinstadtler, Pittsburgh, Pa., for defendants.

## OPINION

COHILL, District Judge.

Plaintiff, Jimmy V. Mayle, a resident of Ohio, claims to have been injured about 1:15 a. m. on August 2, 1974 when his motorcycle ran into an obstruction as he was traveling east on East Washington Street, a state highway under repair in the City of New Castle, Pennsylvania. The plaintiff alleges that his motorcycle accident was caused by the negligence of each and/or all of the defendants in failing to post signs and/or other warning devices informing the general public of the construction relating to the stripping, correction of utility manholes and resurfacing of East Washington Street. The defendants, all residents of Pennsylvania, deny any liability for the plaintiff's accident.

This case comes before the court on motions for summary judgment by defendants Anderson Asphalt, Inc., Travers Construction Co., Western Pennsylvania Water Co., and the City of New Castle. Oral arguments on the motions for summary judgment were heard on June 22, 1976. All parties except Bell Telephone consented to Anderson Asphalt's motion for summary judgment. The court granted said motion and took under advisement the motions for summary judgment of Travers, the Water Co. and New Castle.

### Discussion

■■ Fed.R.Civ.P. 56(c), in providing for summary judgment, states in part:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is not genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment is available when there are no material fact issues in the litigation. *General Teamsters, Chauffeurs and Helpers, Local Union No. 249 v. Bill's Trucking Inc.*, 493 F.2d 956 (3rd Cir. 1974). The court, for purposes of determining a summary judgment motion, must resolve all doubts, inferences, and issues of credibility against the moving party. *Smith v. Pittsburgh Gage & Supply Co.*, 464 F.2d 870 (3rd Cir. 1972).

In its argument in support of its motion for summary judgment, Anderson Asphalt stated that it had not begun work on the East Washington Street project at the time of the accident, and this was supported by affidavits. The plaintiff agreed that as to defendant Anderson Asphalt, there was no genuine issue of fact. This court granted Anderson Asphalt's motion.

Despite the liberalization of Rule 56 in 1963 to permit increased freedom to trial courts to grant summary judgments, it is improper to deprive a party of a full hearing on the merits unless it is clear on the undisputed facts before the court that no material issue of fact still has to be resolved. *Smith v. Pittsburgh Gage & Supply, supra.* The purpose is not to try the issue but to see if there is a genuine issue of fact to be tried. Issués of negligence are ordinarily not susceptible of summary adjudication either for or against the claimant, but should be resolved by trial in the ordinary manner. *Brantner v. Poole*, 487 F.2d 1326 (10th Cir. 1973). Because of the peculiarly elusive nature of the concept of negligence, it is rare in a personal injury case to dispose of it by summary judgment. *Bland v. Norfolk and Southern R. R. Co.*, 406 F.2d 863 (4th Cir. 1969).

The plaintiff's deposition, with the mention therein of an eye witness to the accident is evidence that there are genuine issues as to material facts to be presented in this case.

The motions of defendants, Travers Construction Co., Western Pennsylvania Water Co., and the City of New Castle, are hereby denied.