496 A.2d 1230

Robbin CRANCE

v.

Michael SOHANIC and Charlotte Harding,

Appeal of Charlotte HARDING.

Robbin CRANCE

v.

Michael SOHANIC and Charlotte Harding,

Appeal of Michael SOHANIC.

Superior Court of Pennsylvania.

Argued March 20, 1985.

Filed Aug. 9, 1985.

528

James Shildt, and Anthony J. Frayne, Jr., Philadelphia, for appellants.

Michael S. Valimont, Doylestown, for appellee.

Before OLSZEWSKI, MONTGOMERY and LEDERER *, JJ.

OLSZEWSKI, Judge:

In this case, a visitor to a home was attacked and bitten by a dog belonging to another visitor. The young victim of the attack, Robbin Crance, was kneeling and petting the dog when it bit her. She suffered severe lacerations on her cheek and near her ear, and was required to undergo several operations to restore her face to its normal appearance. She subsequently sued Charlotte Harding, the dog's owner, and Michael Sohanic, the occupant of the house where the attack occured, alleging that they knew of the dog's vicious tendencies but negligently failed to warn her of the danger.

At trial, the court permitted the plaintiff to introduce evidence on biting and attack incidents which occurred after

* Judge William J. Lederer, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

the attack which gave rise to this suit. The court also denied the defendants' request to charge the jury on assumption of the risk, and barred the admission of a note from the plaintiff to defendant Sohanic which the defendants contended was an admission. The jury awarded the victim $20,000, allotting the responsibility for the damages 60 percent to Harding, 30 percent to Sohanic and 10 percent to Crance. The court entered judgment after adding on damages for delay. Defendant Charlotte Harding filed post-trial motions arguing that the court's failure to charge on assumption of risk, the barring of the note, and the admission of subsequent acts constituted error. Defendant Sohanic argued in post-trial motions that the court's barring of the note constituted error. We deal with these points *seriatim.*

**Assumption of the risk.**

■ Assumption of the risk is still a defense in this Commonwealth, appellee's contentions notwithstanding. In *Carrender v. Fitterer,* 503 Pa. 178, 469 A.2d 120 (1983), the Supreme Court clearly stated that the doctrine still exists in our courts, in spite of the plurality opinion in *Rutter v. Northeastern County School Board,* 496 Pa. 590, 437 A.2d 1198 (1981). Whether the doctrine should have been applied in this case is the question.

■ Before assumption of the risk can be an issue, it must be shown that the plaintiff was aware of the facts creating the danger. In *Groner v. Hedrick,* 403 Pa. 148, 169 A.2d 302 (1961), the Supreme Court held that a housekeeper who was knocked over by a large dog in her employer's home may have assumed the risk of being hurt, and that it was the jury's duty to determine whether she did know of the dog's tendency to jump on people. The Court specifically noted that the housekeeper carried a whip to prevent such incidents, and that the dog had attempted to jump on the plaintiff before the incident leading to the suit.

In *Weaver v. Clabaugh,* 255 Pa.Super. 532, 388 A.2d 1094 (1978), we held that assumption of the risk could not be

used as a defense by a plaintiff passenger in an intoxicated driver's car unless it could be shown that he was "subjectively aware of the facts which created the danger and he must have appreciated the danger itself and the nature, character and extent which made it unreasonable."

■ Given these cases, we hold the court was right to refuse an assumption of the risk instruction. The record shows only that the plaintiff was warned to "be careful," and not that she was told the dog had bitten others. Under the circumstances, no instruction on assumption of the risk was warranted.

**Admission of the note.**

■ The record shows the plaintiff made a timely request for the production of all written statements regarding the incident. On the first day of trial, October 20, 1983, the defendant found a note from Robbin Crance to Michael Sohanic, dated February 14, 1982, stating her face felt "fine." The defendants showed this note to the plaintiff on the first day of trial and requested its admission as an admission of the plaintiff. The trial court refused to allow it, stating the failure to produce it earlier justified its exclusion. We agree.

■ Whether to bar evidence which has not been produced after a discovery order is a matter left with the trial judge's discretion. *Pompa v. Hojancki,* 445 Pa. 42, 281 A.2d 886 (1971). Sanctions may be imposed where there is willful disregard of or disobedience to a discovery order, or an obligation stated in the rules of civil procedure. *Lapp v. Titus,* 224 Pa.Super. 150, 302 A.2d 366 (1973). The federal courts, in holding on their discovery rules, have held that gross negligence in fulfilling discovery requests is grounds for an order barring use of evidence. *Cine Forty-Second Street Theatre Corp. v. Allied Artists Picture Corp.,* 602 F.2d 1062 (2nd Cir.1979).

The failure of the defendants to produce the note, whether deliberate or careless, was adequate reason to bar its admission. The trial court did not err in so holding.

Evidence of subsequent behavior.

██ Pennsylvania courts, to our knowledge, have never discussed whether evidence of a dog's subsequent bites is properly admissible in a dog bite case. The plaintiff argues that the evidence was relevant to whether the defendants knew the dog was vicious, and that evidence of vicious behavior after the bite which led to this suit would tend to show the defendants *knew* the animal was prone to bite.

The trial court held that evidence of subsequent bites was probative on the issue of the dog's nature. Under the circumstances of this case, where the plaintiff was using the evidence to show the dog had a vicious nature, the evidence was relevant.[1]

Affirmed.

---

1. Ordinarily, of course, evidence of subsequent events is not admissible to show knowledge of a condition prior to an accident. It is not relevant to the issue of whether the defendant knew, *at the time of the accident,* that the accident could occur. It also serves to prejudice the jury by informing them that the defendant was careless not only once, but several times, and thus encourages them to find against the defendant merely for his generally careless behavior.

Here, the evidence was relevant to the issue of whether the dog had a vicious disposition. *Accord, Hamby v. Haskins,* 275 Ark. 385, 630 S.W.2d 37 (1982); *Pharo v. Pearson,* 28 N.C.App. 171, 220 S.E.2d 359 (1975).