522 A.2d 184

Commonwealth of Pennsylvania, Appellant *v.* Elizabeth L. Harris, Appellee.

Argued March 14, 1986, before Judge CRAIG, and Senior Judges BLATT and KALISH, sitting as a panel of three.

*Brian H. Baxter,* Deputy Attorney General, with him, *Mark E. Garber,* Chief, Tort Litigation Unit, and *LeRoy S. Zimmerman,* Attorney General, for appellant.

*Peter J. Mansmann,* for appellee.

OPINION BY SENIOR JUDGE KALISH, March 13, 1987:

Appellant, Commonwealth of Pennsylvania (Commonwealth), appeals an order of the Court of Common Pleas of Allegheny County which entered a jury verdict in favor of appellee, Elizabeth L. Harris, in the amount of $126,000 for personal injuries sustained when she fell out of a trailer in which her office was located. We vacate and remand for a new trial.

Appellee was employed as an educational psychologist by Allegheny Intermediate Unit education system. Her principal work location was in a trailer

owned and possessed by the Commonwealth. The trailer had two entrances. One was a ramp and the other a concrete block stairway. In preparation for the relocation of the trailer, the ramp entrance had been removed.

Appellee testified that when she arrived at the trailer for work, her usual means of entrance, the ramp, had been removed, but the concrete block stairway was still intact and in place. She used that stairway to enter the trailer. Appellee worked for a while and then walked to the doorway where the ramp had been, stepped out into the open space and fell to the ground. Thus, appellee claimed that appellant failed to provide the care appropriate to a business visitor.

At the trial, during the closing statement by appellant's counsel, appellee suffered a seizure. Appellant's counsel requested a mistrial. The trial judge polled the jury, and determined that each juror could still render a fair and impartial verdict. The jury returned a verdict in favor of appellee in the amount of $180,000, reduced by thirty percent causal negligence attributed to her, resulting in an award of $126,000. Appellant filed motions for post-trial relief and judgment N.O.V. which were denied.

Initially, appellant contends that the seizure sustained by appellee during the closing argument was so prejudicial that the trial court should have granted a mistrial. The grant of a mistrial is within the discretion of the trial court. *Commonwealth v. Gardner,* 490 Pa. 421, 416 A.2d 1607 (1980). Here, the trial judge polled the jurors as to their ability to render an impartial verdict, and the jurors stated that they would not be prejudiced. We do not believe the trial court abused its discretion in denying a mistrial.

Appellant further argues that the trial judge should have entered a judgment N.O.V. in its favor because the

evidence indicated that appellee's own negligence was the cause of the accident while appellant's negligence was either minimal or nonexistent. Appellant also contends that the trial judge erred in allowing certain medical testimony to be introduced into evidence. Additionally, appellant alleges that the trial judge erred in failing to charge the jury on the subject of forgetfulness, foreseeability, defective conditions, and the doctrine of choice of ways.

It was agreed by counsel that appellee's status while in the trailer was that of a business invitee and that the Restatement (Second) of Torts §343 (1965), controlled the standard of care that the possessor of land owed to a business invitee. This section provides:

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they would not discover or realize the danger, or would fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

Furthermore, section 343-A of the Restatement (Second) of Torts, titled "Known or Obvious Dangers," limits the liability of a possessor to an invitee where the danger is known or obvious to the invitee, unless the possessor could or should have anticipated the harm despite the invitee's knowledge of the danger.

When an invitee enters a business premises and discovers conditions which are both obvious and avoidable, and nevertheless proceeds voluntarily to encounter them, the doctrine of assumption of risk operates as a

counterpart to the possessor's lack of duty to protect the invitee from these risks. *Carrender v. Fitterer*, 503 Pa. 178, 469 A.2d 120 (1983).[1] In *Carrender*, the court said:

> By voluntarily proceeding to encounter a known or obvious danger, the invitee is deemed to have agreed to accept the risk and to undertake to look out for himself. [Citations omitted.] It is precisely because the invitee assumes the risk of injury from obvious and avoidable dangers that the possessor owes the invitee *no duty* to take measures to alleviate those dangers. (Emphasis added.)

*Id.* at 188, 469 A.2d at 125.

The question of whether a danger was known or obvious, and if so, whether a safe way was available so that it is clear that appellee assumed the risk, is a question

---

[1] In *Rutter v. Northeastern Beaver County School District*, 496 Pa. 590, 437 A.2d 1198 (1981) (plurality opinion), our Supreme Court stated that the doctrine of assumption of risk is no longer viable, except where specifically preserved by statute, in cases of express assumption of risk, or in cases brought under section 402-A of the Restatement (Second) of Torts (strict liability). However, in *Carrender*, the court noted:

> In Rutter, Mr. Justice Flaherty filed an opinion urging the abrogation of assumption of risk as a defense. . . . The reasoning of this opinion is consistent with the opinion of Mr. Justice Flaherty in Rutter, which specifically noted that a holding that a risk has been assumed is in many cases tantamount to a determination that, as a matter of law, the defendant owed the plaintiff no duty.

*Carrender* at 189 n. 6, 469 A.2d at 125 n. 6.

Subsequently, our Superior Court, in *Crance v. Sohanic*, 344 Pa. Superior Ct. 526, 496 A.2d 1230 (1985), stated that "[a]ssumption of the risk is still a defense in this Commonwealth. . . . In Carrender [citation omitted], the Supreme Court clearly stated that the doctrine still exists in our courts, in spite of the plurality opinion in Rutter [citation omitted]." *Crance* at 529, 496 A.2d at 1232.

of fact for the jury. Only where reasonable minds could not differ as to the conclusion may the question be decided by the court. *Carrender.* This is a substantial issue and should have been presented to the jury for consideration. There was evidence to justify its submission, even though the trial judge believed that the issue of a choice of ways did not apply in this case.

It is the primary duty of the trial judge in charging the jury to clarify and properly present the issues so that the jury may understand the questions they are to decide. A trial judge's charges which are inadequate are grounds for reversal provided there was a timely specific objection. *Randolph v. Campbell,* 360 Pa. 453, 62 A.2d 60 (1948); *Dilliplaine v. Lehigh Valley Trust Company,* 457 Pa. 255, 322 A.2d 114 (1974). Here, the record reveals that the trial court granted an exception to the request of appellant's counsel for a choice of ways instruction. Under the circumstances of this case, this issue was best left for the jury.

Accordingly, we vacate the order of the trial court and remand for a new trial.

#### ORDER

Now, March 13, 1987, the order of the Court of Common Pleas of Allegheny County, No. GD 79-20829, dated December 13, 1984, is vacated, and the matter is remanded for a new trial.

Jurisdiction relinquished.