Margaret **DANTZLER**

v.

**S.P. PARKS, INC., d/b/a Sesame Place.**

**Civ. A. No. 87–4434.**

United States District Court,
E.D. Pennsylvania.

Jan. 10, 1989.

---

Evan K. Aidman, Philadelphia, Pa., for plaintiff.

Thomas A. Brophy, Norristown, Pa., for defendant.

## MEMORANDUM AND ORDER

VAN ANTWERPEN, District Judge.

This matter comes before the court on the plaintiff's Motion for Summary Judgment on the issue of the defendant's liability. In support of her motion, the plaintiff has used materials produced in discovery: deposition testimony and copies of the defendant's First Aid Records, Incident Reports and Guest Injury Investigation Forms for the 1984 and 1985 seasons.

The standards to be observed in evaluating a motion for summary judgment are clear. Fed.R.Civ.P. 56(c) instructs a court to enter summary judgment when the record reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This rule provides the court with a useful tool when the critical facts are undisputed, facilitating the resolution of a pending controversy without the expense and delay of conducting a trial made unnecessary by the absence of factual dispute. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir.1982); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). Summary judgment is inappropriate, however, where the evidence before the court reveals a genuine factual disagreement requiring submission to a jury. An issue is "genuine" only if the evidence is such that a reasonable jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 2511. However, if the evidence is merely "colorable" or is "not significantly probative", summary judgment may be granted. *Id.*

In a summary judgment action, the moving party bears the initial burden of identifying for the court those portions of the record which it believes demonstrate the absence of a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). In making its ruling on a summary judgment motion, the court must view all inferences in a light most favorable to the non-moving party, *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Continental Ins. Co. v. Bodie*, 682 F.2d 436, 438 (3d Cir.1982), must resolve all doubts against the moving party, *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir.1985), *cert. denied*, 474 U.S. 1010, 106 S.Ct. 537, 88 L.Ed.2d 467 (1985), and must take as true all allegations of the non-moving party that conflict with those of the movant, *Anderson, supra*, 106 S.Ct. at 2513. We have considered these standards in evaluating the plaintiff's motion for summary judgment and we have concluded that the plaintiff's motion must be denied.

■ The plaintiff alleges that she suffered injuries when she fell out of an inner tube very near the tunnel of a water ride in the defendant's amusement park. The evidence that the plaintiff introduces to prove the defendant's negligence towards her are the defendant's in-house reports of inner

tube accidents which happened in 1984 and 1985 in the tunnel area of the water ride.[1]

Such reports may be admitted under certain conditions:

"Under some circumstances where, for example, the cause of the accident or the defective or dangerous condition is unknown or disputed, evidence of similar accidents occurring *at substantially the same place and under the same or similar circumstances* may, in the sound discretion of the trial Judge, be admissible to prove constructive notice of a defective or dangerous condition and the likelihood of injury." (Emphasis in original).

*Stormer v. Alberts Construction Co.,* 401 Pa. 461, 466, 165 A.2d 87 (1960).

The purpose behind admitting such evidence has been explained as follows:

"Such evidence will be permitted 'for the purpose of establishing the character of the place where [the accidents] occurred, their cause, and the imputation of notice, constructive at least, to the proprietors of the establishment, of the defect and the likelihood of injury.' *Yoffee v. Pennsylvania Power and Light Co.,* 385 Pa. 520, 542, 123 A.2d 636, 648–49 (1956), *quoting Ringelheim v. Fidelity Trust Co.,* 330 Pa. 69, 71, 198 A. 628, 629 (1938)...."

*Whitman v. Riddell,* 324 Pa.Super. 177, 471 A.2d 521, 523 (1984).

While there are reasons, as expressed above, which favor the admission of such evidence, there are also reasons which militate against the admission of such evidence. As the Pennsylvania Supreme Court stated in *Ferreira v. Wilson Borough,* 344 Pa. 567, 570, 26 A.2d 342 (1942): "The chief objection to the admission of testimony as to happenings of similar accidents at the same place is that the fact of accident may admit of being explained by other causes than the one sought to be established." There is also the realization that "[t]his limited exception, permitting the introduction of evidence of similar accidents is tempered by judicial concern that the evidence may raise collateral issues, confusing both the real issue and the jury. *Stormer v. Alberts Construction Co., supra,* 401 Pa. at 466, 165 A.2d at 89." *Whitman,* 471 A.2d at 523.

As the instant case now stands, we have not yet obtained enough information to judge with sufficient accuracy the similarity of these accidents of 1984–1985 with that of the plaintiff. Their introduction at this stage does not demonstrate that there are no genuine issues as to any material fact in the instant case. Accordingly, these documents do not provide a basis upon which to accord the plaintiff summary judgment in her favor on the issue of the defendant's liability.

█ The plaintiff has also sought summary judgment on the basis of the *res ipsa loquitur* doctrine. This doctrine, set forth in the Restatement (Second) of Torts § 328D (1965),[2] has been adopted as the law of the Commonwealth by the Pennsylvania Supreme Court in *Gilbert v. Korvette, Inc.,* 457 Pa. 602, 327 A.2d 94 (1974). The doctrine, however, amounts to no more than a means for creating circumstantial evidence of negligence. As the Pennsylvania Supreme Court stated:

**1.** Not all of these documents can withstand challenge as to admissibility. Some of them concern accidents which occurred after July 4, 1985, the date of the plaintiff's accident. In general, evidence of subsequent events "is not admissible to show knowledge of a condition prior to an accident." *Crance v. Sohanic,* 344 Pa.Super. 526, 496 A.2d 1230, 1233 n. 1 (1985).

**2.** Section 328D reads as follows:
"(1) It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when
  (a) the event is of a kind which ordinarily does not occur in the absence of negligence;

  (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and
  (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.
(2) It is the function of the court to determine whether the inference may reasonably be drawn by the jury, or whether it must necessarily be drawn.
(3) It is the function of the jury to determine whether the inference is to be drawn in any case where different conclusions may reasonably be reached."

"When res ipsa loquitur is properly regarded under section 328D as a simple matter of circumstantial proof, it cannot realistically be viewed differently from any other method of circumstantially proving facts in issue. See McCormick's Handbook of the Law of Evidence § 342 at 805 (2d ed. E. Cleary 1972). Circumstantial evidence in all negligence cases therefore can create only a permissible inference of fault 'unless the facts are so compelling that no reasonable man could reject it.' Restatement (Second) of Torts § 328D, comment m (1965)."

*Id.* at 103.

We do not find that the facts are so compelling in the instant case. We believe that it is the jury's function to determine whether the inference may be drawn here. The purpose of summary judgment is as follows: "[t]he purpose is not to try the issue but to see if there is a genuine issue of fact to be tried." *Mayle v. City of New Castle,* 71 F.R.D. 674 (W.D.Pa.1976). We believe that it is up to the jury to decide whether "the event is of a kind which ordinarily does not occur in the absence of negligence" and whether there were "other responsible causes" for the harm suffered by the plaintiff. We do not believe that the plaintiff's reliance upon the *res ipsa loquitur* doctrine, in the present posture of the case, warrants the award of summary judgment in the plaintiff's favor.

Finally, there remains the unresolved issue of whether the defendant can avail itself of the defense of assumption of the risk. We must first examine the current status of this doctrine in Pennsylvania. In *Rutter v. Northeastern Beaver County School District,* 496 Pa. 590, 437 A.2d 1198 (1981) (plurality opinion), the Pennsylvania Supreme Court held: "[E]xcept where specifically preserved by statute; or in cases of express assumption of risk, or cases brought under 402A, (a strict liability theory), the doctrine of assumption of risk is abolished." *Id.* at 1209 (footnote omitted). *Rutter,* however, was only a *plurality* opinion.

The Pennsylvania Supreme Court next considered the availability of the doctrine in *Carrender v. Fitterer,* 503 Pa. 178, 469 A.2d 120 (1983). In *Carrender,* the Supreme Court reversed the Superior Court's denial of the appellant-defendants' motion for judgment notwithstanding the verdict. The plaintiff in *Carrender* had seen the sheet of ice upon which she slipped well beforehand and had had several opportunities to park her car elsewhere. The *Carrender* court viewed the application of the assumption of risk doctrine as bound up with the question of whether the defendant owed any duty to the plaintiff. The Supreme Court of Pennsylvania stated:

"By voluntarily proceeding to encounter a known or obvious danger, the invitee is deemed to have agreed to accept the risk and to undertake to look out for himself. [Citations omitted]. It is precisely because the invitee assumes the risk of injury from obvious and avoidable dangers that the possessor owes the invitee no duty to take measures to alleviate those dangers. *Thus, to say that the invitee assumed the risk of injury from a known and avoidable danger is simply another way of expressing the lack of any duty on the part of the possessor to protect the invitee against such dangers.* See *Jones v. Three Rivers Management Corp.,* 483 Pa. 75, 394 A.2d 546 (1978) (operator of baseball park owes no duty to guard against common, frequent, and expected risks of baseball; duty extends only to foreseeable risks not inherent in baseball activity)." (Emphasis supplied).

*Id.* 469 A.2d at 125.

■ The *Carrender* court found its reasoning to be consistent with the plurality opinion authored by Justice Flaherty in *Rutter,* 496 Pa. 590, 437 A.2d 1198. The *Carrender* court said: "The reasoning of this opinion is consistent with the opinion of Mr. Justice Flaherty in *Rutter,* which specifically noted that a holding that a risk has been assumed is in many cases tantamount to a determination that, as a matter of law, the defendant owed the plaintiff no duty. See *Rutter,* supra, at 613, 437 A.2d at 1209. See also *Atkins v. Urban Redevelopment Auth. of Pittsburgh,* supra [489 Pa. 344, 414 A.2d 100 (1980) ]." *Carrender,* 469 A.2d at 125 n. 6. From the

two recent Pennsylvania Supreme Court opinions which have spoken on the subject —*Rutter*, 496 Pa. 590, 437 A.2d 1198 and *Carrender*, 469 A.2d 120—it would appear that the doctrine of assumption of the risk will be available to a defendant where the facts are such as to indicate that the defendant owed no duty to the plaintiff because of the nature of the plaintiff's knowing and voluntary conduct before the accident. *See also Crance v. Sohanic*, 344 Pa.Super. 526, 496 A.2d 1230 (1985); *Commonwealth v. Harris*, 104 Pa.Cmwlth 580, 522 A.2d 184 (1987).

 In the instant case, the defendant has cited to the deposition of Mr. Caruso, the Operations Manager of Sesame Place Park. In his deposition, Mr. Caruso describes how a patron can see the course of the water ride before participating in it. There remain, however, the questions of whether any dangers were "known" or "obvious" ones. These, too, are unresolved material issues of fact which preclude the entry of summary judgment in the plaintiff's favor.

Since the plaintiff has failed to introduce that which would eliminate genuine issues of material fact on the issue of the defendant's liability, her motion for summary judgment must be denied.