J-A17044-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| RICARDO ADORNO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JARED ORTIZ AND JENNIFER AGUILA | : | |
| | : | |
| Appellee | : | No. 2572 EDA 2022 |

Appeal from the Judgment Entered September 14, 2022
In the Court of Common Pleas of Lehigh County
Civil Division at No(s):  2020-0507

BEFORE:   KING, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                    **FILED NOVEMBER 20, 2023**

Appellant, Ricardo Adorno, appeals from the judgment entered in the Lehigh County Court of Common Pleas, following a jury verdict in favor of Appellees, Jared Ortiz and Jennifer Aguila, in this negligence action.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  In February 2020, Appellant filed a civil complaint against Appellees alleging that

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant purported to appeal from the trial court's order denying his post-trial motion.  However, in a civil case, an appeal "can only lie from judgments entered subsequent to the trial court's disposition of any post-verdict motions, not from the order denying post-trial motions." **Cozza v. Jekogian**, 297 A.3d 744, 744 n.1 (Pa.Super. 2023) (citation omitted).  Because the trial court entered judgment following its denial of Appellant's post-trial motion, we have amended the caption accordingly.

while he was a guest at Appellees' home, Appellees' dog attacked him, bit him on the right hand and left testicle, and caused serious and permanent injuries. In responsive pleadings, Appellees insisted that their dog did not bite Appellant, and that Appellant was bitten by a stray dog while he was at a car wash.

On December 6, 2021, Appellant filed a motion *in limine* to preclude admission of a notation made in his hospital medical record which stated: "patient states he was bit by an unknown dog while washing his car." (Appellant's Motion *in Limine* to Preclude Inadmissible Hearsay Contained Within Appellant's Medical Records, 12/6/21, at 2). At the December 17, 2021 pre-trial conference, the court considered this motion as well as a concern raised by the parties concerning the admissibility of certain veterinary records. The court continued the conference for the parties to brief their respective issues. During the April 26, 2022 continuation of the pre-trial conference, the trial court denied Appellant's motion *in limine* to preclude admission of the notation in his medical record.

The court continued the discussion of the veterinary records during an on-the-record phone conference on May 20, 2022. During the conference, the court orally ruled that it would admit veterinary records of two injuries that Appellees' dogs had received from each other prior to the alleged incident. However, the court orally ruled that it would not permit admission of veterinary records from after the incident because they were not relevant and

too prejudicial. (N.T. Hearing, 5/20/22, at 20). The court did not issue a written order concerning this ruling.

The case proceeded to a three-day jury trial after which the jury returned a verdict in favor of Appellees, finding them not negligent, on May 25, 2022. On June 3, 2022, Appellant timely filed a motion for post-trial relief. The court heard argument on the post-trial motion on September 9, 2022. On September 14, 2022, the court denied Appellant's post-trial motion and entered judgment in favor of Appellees. Appellant timely filed a notice of appeal on October 11, 2022. The trial court subsequently ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant complied with the court's order.[2]

Appellant raises the following two issues on appeal:

> 1. Whether the Trial Court erred in concluding that the hearsay statements contained within [Appellant's] medical records was admissible.

> 2. Whether the Trial Court erred in excluding evidence of the subject dogs' vicious propensities and impeachment evidence at trial.

(Appellant's Brief at 4).

Our standard of review concerning a trial court's ruling on a motion *in*

---

[2] We note that in its Rule 1925(a) statement, the trial court suggested that Appellant waived all claims on appeal because his concise statement (which is three pages and raises 23 allegations of error) was unclear and not concise. However, because the court addressed the issues raised by Appellant in the court's order denying Appellant's post-trial motion, we decline to find waiver.

*limine* is well settled: "Admission of evidence is within the sound discretion of the trial court and a trial court's rulings on the admission of evidence will not be overturned absent an abuse of discretion or misapplication of law." ***Carlini v. Glenn O. Hawbaker, Inc.***, 219 A.3d 629, 639 (Pa.Super. 2019) (citation omitted). "To constitute reversible error, a ruling on evidence must be shown not only to have been erroneous but harmful to the party complaining." ***Id.*** (citation omitted). Moreover, harmless error is defined as an error that does not affect the verdict. ***Yacoub v. Lehigh Valley Medical Associates, P.C.***, 805 A.2d 579, 590 (Pa.Super. 2002), *appeal denied*, 573 Pa. 692, 825 A.2d 639 (2003).

In his first issue, Appellant claims the trial court erred when it admitted statements in Appellant's medical record that constituted hearsay. Specifically, Appellant claims the court improperly admitted: 1) an Emergency Department Pre-Triage Form which states that Appellant was "bit by a stray dog"; 2) a history taken at the hospital which states that "patient states he was bitten by an unknown dog while washing his car"; and 3) a medical record from July 17, 2018 which states: "[p]atient was seen on 7/10 at SLB after he was bit by a dog in the left side of his scrotum and right hand. Patient states he was washing his car when a dog bit him." (Appellant's Brief at 19-20). Appellant acknowledges that hospital records generally fall under the business records exception to the rule against hearsay. Appellant insists, however, that only the fact of hospitalization, treatment prescribed, and symptoms given are

admissible as evidence. Appellant claims the only portion of these statements that would be admissible is Appellant's statement that he was bitten by a dog. Appellant contends the extra details contained within the statements—that the dog was a stray, and that Appellant was washing his car when bitten—are irrelevant to medical treatment and should have been excluded. Appellant further argues that Appellees did not prove that he made the statements, and the admission of these statements was prejudicial to him at trial. Appellant concludes the court's evidentiary ruling was improper, and this Court must grant relief. We disagree.

"'[H]earsay' is defined as an out-of-court statement, which is offered in evidence to prove the truth of the matter asserted." **Adams v. Rising Sun Med. Ctr.**, 257 A.3d 26, 35 (Pa.Super. 2020), *appeal denied*, ___ Pa. ___, 263 A.3d 246 (2021) (citation omitted). "Generally, hearsay is inadmissible because it is deemed untrustworthy since it was not given under oath and subject to cross-examination." **Id.** (citation omitted).

Our Rules of Evidence provide an exception to the rule against hearsay regarding statements made for medical diagnosis or treatment, as follows:

> **Rule 803. Exceptions to the Rule Against Hearsay— Regardless of Whether the Declarant Is Available as a Witness**
>
> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> *   *   *
>
> **(4) Statement Made for Medical Diagnosis or**

**Treatment.** A statement that:

(A) is made for—and is reasonably pertinent to—medical treatment or diagnosis in contemplation of treatment; and

(B) describes medical history, past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof, insofar as reasonably pertinent to treatment, or diagnosis in contemplation of treatment.

Pa.R.E. 803(4). The Comment to this rule explains that "[s]tatements as to causation may be admissible, but statements as to fault or identification of the person inflicting harm have been held to be inadmissible." Pa.R.E. 803(4), *Cmt.* (case citation omitted).[3] **See also Adams, supra** at 37 (providing: "statements as to causation, *e.g.* how the person sustained the injury, may be admissible").

There are two requirements for a hearsay statement to come within this exception: "First, the declarant must make the statement for the purpose of receiving medical treatment, and second, the statement must be necessary and proper for diagnosis and treatment." **Id.** at 36 (citing **Phillips v. Lock**, 86 A.3d 906, 923 (Pa.Super. 2014)).

Instantly, in its order denying Appellant's post-trial motion, the trial court explained that the statements attributed to Appellant, which were

_____

[3] In **Commonwealth v. Smith**, 545 Pa. 487, 494, 681 A.2d 1288, 1292 (1996), cited in the Comment to Rule 803(4), our Supreme Court explained that parts of statements that are "inconsequential and irrelevant to medical treatment" are not admissible under the medical treatment exception.

recorded in the medical records, qualified as statements made for medical diagnosis and treatment, and therefore were properly admitted into evidence at trial. (*See* Trial Court Opinion, filed 9/14/22, at 12). With respect to the first statement: that Appellant "was bit by a stray dog," the court reasoned:

> That [Appellant] may have been bitten by a stray dog as compared to a pet dog assists the medical providers in determining the proper course of treatment and necessity for rabies vaccinations because the veterinary history of the stray dog is unknown to [Appellant]. The status of the dog as a stray rather than a pet is reasonably pertinent to [Appellant's] treatment plan. Accordingly, the quoted statement is not excluded by the rule against hearsay because all criteria of the medical diagnosis or treatment exception are satisfied.

(*Id.* at 12-13). Concerning the second statement: "patient states he was bitten…by an unknown dog while washing his car," the trial court explained that "the quoted statement attributed to [Appellant] was made in furtherance of medical treatment, while [Appellant] was in the emergency department." (*Id.* at 14). The court reiterated that the fact that the dog was unknown was relevant to determining the proper treatment plan for Appellant, and the court noted that Appellant was actually treated with a series of rabies vaccinations after his injury. (*Id.* at 15). Finally, with respect to the third statement: "Patient was seen on 7/10 at SLB after he was bit by a dog in the left side of his scrotum and right hand. Patient states he was washing his car when a dog bit him," the trial court again concluded the statement was made in furtherance of medical treatment. The court found that the statement identified the inception or general character of Appellant's injuries and was

admissible.  (*Id.* at 17).

In addition, the trial court explained that it did not matter whether Appellant made the statements, or whether Appellant's cousin (who was with Appellant at the time of the attack) made the statements.  The court stated:

> Regardless of whether the quoted statement was made by [Appellant] or by his cousin, Jonathan Adorno, it was made for medical diagnosis and treatment while [Appellant] was in the emergency department.  It is undisputed that Jonathan Adorno was with [Appellant] at the time of his injury, and drove [Appellant] to the emergency department. Both men have first-hand knowledge of the incident. …

(*Id.* at 16).

The record supports the trial court's determination.  The three statements contained within Appellant's medical records were made in the furtherance of medical treatment and were necessary for proper treatment. **See Adams, supra**.  Further, the portion of each statement describing the bite as having come from a stray dog was neither inconsequential nor irrelevant to medical treatment; rather, the dog's status as a stray informed the physicians' decision to treat Appellant for rabies.  **See Smith, supra**. Therefore, they were admissible under the medical records exception to the rule against hearsay and the trial court did not abuse its discretion in admitting them.  **See Carlini, supra**.

Appellant's second question presented raises two distinct issues, which we address separately.  Initially, Appellant argues that the trial court erred in excluding a statement made by Appellee, Jared Ortiz, which Appellant argues

was a prior inconsistent statement and should have been admissible to impeach Mr. Ortiz's credibility pursuant to Pennsylvania Rule of Evidence 613.[4] Specifically, Appellant argues that he should have been permitted to impeach Mr. Ortiz's deposition testimony, that he was not fearful of his dogs being around his daughter, with a statement that Mr. Ortiz made to his veterinarian (after the alleged incident, but prior to the deposition), that one of the dogs was aggressive and he was concerned having the dog in the house with his daughter. (Appellant's Brief at 32-33). Appellant claims that the inconsistency between these two statements is relevant to Mr. Ortiz's credibility and should have been admitted for impeachment purposes. Therefore, Appellant concludes that the trial court abused its discretion when it precluded this statement. We disagree.

Rule of Evidence 613 provides, *inter alia*:

> **Rule 613. Witness's Prior Inconsistent Statement to Impeach; Witness's Prior Consistent Statement to Rehabilitate**
>
> **(a) Witness's Prior Inconsistent Statement to Impeach.** A witness may be examined concerning a prior inconsistent statement made by the witness to impeach the witness's credibility. The statement need not be shown or its contents disclosed to the witness at that time, but on request, the statement or contents must be shown or disclosed to an adverse party's attorney.

---

[4] Although Appellant mentions that the statement was also admissible under Rule of Evidence 803(25), he does not develop this claim in his brief, so we give it no further attention.

Pa.R.E. 613(a).

> "A party may impeach the credibility of an adverse witness by introducing evidence that the witness has made one or more statements inconsistent with his trial testimony." **Commonwealth v. Bailey**, 469 A.2d 604, 611 (Pa.Super. 1983). "Mere dissimilarities or omissions in prior statements ... do not suffice as impeaching evidence; the dissimilarities or omissions must be substantial enough to cast doubt on a witness' testimony to be admissible as prior inconsistent statements." **Id.**

**McManamon v. Washko**, 906 A.2d 1259, 1268 (Pa.Super. 2006), *appeal denied*, 591 Pa. 736, 921 A.2d 497 (2007) (citation formatting provided).

Nevertheless, as with all relevant or admissible evidence, the trial court may exclude the statement "if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

Instantly, we note that the trial court did not address this issue in its opinion denying Appellant's post-trial motion because at the time of the post-trial motion, Appellant had not requested the transcript of the May 20, 2022 telephone conference. However, a review of the transcript of the telephone conference reveals the trial court's rationale for excluding the evidence. First, the trial court explained that the statements were not admissible to prove that the dogs had a dangerous propensity because they were made after the alleged incident. With respect to the statement's admissibility as impeachment evidence, the court acknowledged the issue of credibility and

"having the fair opportunity to bring to the jury's attention the inconsistency in this fellow's statements," but the court explained that the statement "is just too close to the issue of what the case is about." (N.T. Hearing, 5/20/22, at 27). The court stated that it was excluding this evidence because of the prejudice and the inability of the jurors to distinguish between the evidence to show the dogs' dangerous propensities and the evidence to impeach Mr. Ortiz's credibility. On this record, we cannot say that the court's ruling constituted an abuse of discretion. *See* Pa.R.E. 403; *Carlini, supra*.

In Appellant's second sub-issue of this question presented, he argues that the trial court erred in barring admission of evidence that Appellees' dogs were in four fights after the date of the incident. Citing *Crance v. Sohanic*, 496 A.2d 1230 (Pa.Super. 1985), Appellant insists that evidence of subsequent bites was probative of the issue of the dogs' violent nature and should have been admissible at trial. Appellant concludes the court's evidentiary ruling was erroneous, and he is entitled to a new trial. We disagree.

In *Crance, supra*, this Court held that evidence of a dog's subsequent bite was properly admissible. Specifically, this Court held that evidence that the dog bit others was probative on the issue of the dog's nature, even though the bites occurred after the incident in question. *See id.* at 1233. Therefore, we agree with Appellant that evidence of Appellees' dogs' subsequent fights could have been admitted as evidence of Appellees' knowledge of the dogs'

nature. Nevertheless, we conclude that any error was harmless in this case.

Here, the central question before the jury was not whether Appellees were aware of their dogs' dangerous propensities. Rather, the jury's main issue was whether Appellant had been bitten by Appellees' dogs or whether, as Appellees insisted and the jury accepted, Appellant had been bitten by a stray dog at a car wash. At trial, Appellant's cousin Jonathan, who was with Appellant during the attack and accompanied him to the hospital emergency room for medical services, confirmed that the incident took place at a car wash (not at Appellees' residence), and that a stray dog (not Appellees' dogs), was responsible for the injuries. The jury accepted the testimony of Jonathan, which was corroborated by hospital records, and rendered a verdict in favor of Appellees. Thus, the jury rejected Appellant's allegation that Appellees' dogs bit him. Because Appellant cannot show that evidence concerning Appellees' dogs' dangerous nature would have affected the verdict, any error in precluding admission of Appellees' dogs' subsequent fights was harmless. *See Yacoub, supra*; *Carlini, supra*. Accordingly, we affirm.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/20/2023

- 12 -