513 A.2d 1020

**Michael GRIFFIN, Appellant,**

**v.**

**Carmen C. TEDESCO and Rose Tedesco, Individually and t/a Cricket Bar and Carmen Joseph Tedesco, and Two Cricket, Inc., Appellees.**

Superior Court of Pennsylvania.

Argued Feb. 13, 1986.

Filed Aug. 8, 1986.

Allen L. Feingold, Philadelphia, for appellant.

William H. Pugh, IV, Norristown, for appellees.

Before MONTEMURO, HOFFMAN and CERCONE, JJ.

MONTEMURO, Judge:

This case presents the issue whether the trial court's order imposing a severe sanction against appellant for his failure to comply with certain discovery requests was proper under Pa.R.C.P. 4019. We find that it was not.

The somewhat lengthy procedural history of this case is as follows: On June 2, 1975, appellant filed a complaint against appellees, both as individuals and trading as the Cricket Bar, alleging negligence and/or assault and battery

in connection with an altercation which had occurred at the bar. Appellant claimed that on the night of February 7, 1975, one of appellees' employees had slashed him across the neck with a broken beer bottle, causing him serious injuries.

■■■ A default judgment was entered against appellees on August 10, 1975, but the judgment was subsequently opened, and on January 24, 1977, appellant filed a new complaint. The two cases were consolidated by stipulation of the parties and discovery proceedings subsequently ensued. On July 16, 1980, appellees requested, pursuant to Pa.R.C.P. 4009(a),[1] that appellant produce for inspection and photocopying all medical records, hospital records, medical reports, and bills relating to appellant's claimed injuries. By letter of August 5, 1980, appellant's counsel, Allen L. Feingold, advised appellees that he would be on vacation on the suggested day and thus would not be able to comply with the request. Appellees accordingly rescheduled the production for October 7, 1980. In a letter dated October 1, 1980, appellant's counsel informed appellees that he would not comply with the discovery request because it was unduly broad, not framed with sufficient particularity, beyond the scope of the discovery rules, and not reasonably calculated to lead to the discovery of admissible evidence. Based on this refusal, appellees filed a motion for sanctions in which they asked the court to enter an order directing appellant to produce the requested items and, also, to award them attorney's fees in connection with preparation of the motion. After considering appellees' motion and appellant's response thereto, the trial court entered an order dated July

1. Rule 4009(a) provides in pertinent part:
  (a) Any party may serve on any other party a request
  (1) to produce and permit the party making the request, or someone acting on his behalf, to inspect and copy any designated documents ... or to inspect and copy, test or sample any tangible things which constitute or contain matters within the scope of Rules 4003.1 through 4003.5 inclusive and which are in the possession, custody or control of the party upon whom the request is served.

2, 1981, in which it imposed the following sanction: Appellant was precluded from introducing at trial any testimony whatsoever concerning his mental or physical condition. Appellant filed a motion for reconsideration, which was denied after oral argument. He also filed an appeal to this court, which was dismissed on the basis that the July 2, 1981, order was interlocutory. The case subsequently came to trial before the Honorable Samuel W. Salus, II, sitting with a jury. In presenting his case, appellant was permitted to adduce testimony regarding the altercation in the bar. However, as a result of the sanction, he was precluded from presenting any testimony regarding his physical or mental condition after the incident. Thus, while appellant was permitted to adduce testimony on liability, he was not allowed to present any testimony on damages. At the close of appellant's case, the trial court granted appellees' motion for compulsory non-suit because (1) appellant failed to establish any damages,[2] and (2) there were conflicts in the testimony which created doubt as to the merits of appellant's cause of action.[3]

On April 29, 1983, appellant filed a motion to strike, set aside, and vacate the compulsory non-suit. The matter was held in abeyance, however, while appellant took an appeal to this court in which he challenged the trial court's denial of his motion, filed May 19, 1983, to proceed in *forma pauperis*. We reversed and remanded the matter to the lower court for a hearing with regard to appellant's petition

---

**2.** Proof of damages is a necessary element in a personal injury case. When a plaintiff fails to establish damages in a tort action, the defendant is entitled to a verdict. *See Gordon v. Trovato,* 234 Pa.Super. 279, 338 A.2d 653 (1975). *See also Troutman v. Tabb,* 285 Pa.Super. 353, 427 A.2d 673 (1981).

**3.** This second reason advanced by the trial court is clearly insufficient to support the entry of the compulsory non-suit. A compulsory non-suit may be entered only where the facts lead unerringly to the conclusion of absence of liability, and any conflicts in the evidence must be resolved in the plaintiff's favor. *Morena v. South Hills Health System,* 501 Pa. 634, 462 A.2d 680 (1983). It was accordingly improper for the trial court to resolve conflicts in the testimony against appellant.

to proceed in *forma pauperis*. Appellant subsequently withdrew his petition on February 4, 1985. On April 22, 1985, appellant filed a supplemental motion to strike, with accompanying brief. Appellees responded with an answer and new matter. On May 6, 1985, the trial court dismissed both the original and supplemental motion to strike, and this appeal followed.

Appellant raises the following questions on appeal:

Whether the trial Court erred when it precluded the plaintiff from introducing any evidence concerning his physical or mental condition at the time of trial?

Whether the trial Court erred when it granted the defendant's Motion for Compulsory Non-Suit?

Whether the trial Court erred when it instructed the jury that plaintiff is bound by the testimony of the witnesses he called as on cross-examination?

Appellant's brief at 2.

■ Appellant contends that the trial court's sanction order, precluding him from introducing any testimony at trial regarding his physical or mental condition, was improper.[4] Appellant claims that such a severe sanction, *i.e.*, one that effectively precluded any possibility of prevailing on his claim, was premature given that no prior order directing him to produce the documents had been entered. We agree that the trial court erred in the imposition of sanctions in this case.[5]

■ The imposition of sanctions for failure to comply with lawful discovery requests is governed by Pa.R.C.P. 4019, which provides in relevant part the following:

4. We must disagree with appellees' contention that the propriety of the sanction order has already been decided by this court. Appellant's appeal from that order was dismissed by this court as being interlocutory.

5. Because of our disposition of this claim, it is unnecessary for us to consider appellant's remaining claims on appeal.

## Rule 4019. Sanctions

(a)(1) The court may, on motion, make an appropriate order if    .    .    .    .    .

(vii) a party, in response to a request for production or inspection made under Rule 4009, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested.

(viii) a party or person otherwise fails to make discovery or to obey an order of court respecting discovery.

We recognize that Rule 4019 does not require the imposition of an order compelling discovery as a prerequisite to the trial court's authority to impose an appropriate sanction. As stated in the explanatory note to Rule 4019, "Subdivision (a)(viii) is a blanket authorization to the court to enter a sanction order *whenever there is a failure to make discovery* or to obey an order of the court." Explanatory Note to Rule 4019—1978 Civil Procedural Rules Committee (Emphasis added). *See Crance v. Sohanic*, 344 Pa.Super. 526, 496 A.2d 1230 (1985) (sanctions may be imposed where there is a disregard of a discovery order *or an obligation stated in the rules of civil procedure* ) (emphasis added).

■ We determine, however, that, given the severity of the sanction imposed in this case and the fact that appellant's counsel had tendered but one refusal to comply with appellees' discovery request, the trial court should have first entered an order compelling compliance with the request. As support for this conclusion, we note that Rule 4009(a)(2) clearly contemplates that where there is no response or objection to a request for production of documents under Rule 4009, the appropriate motion for the requesting party to make is not a motion for sanctions, but rather a motion for an order under Rule 4019(a) to compel production. Explanatory Note to Rule 4009—1978 Civil Procedural Rules Committee. As the explanatory note points out, the hearing on the motion for an order to compel discovery provides an opportunity whereby the objecting party's rights can be protected. That is, the merits of the objecting party's reasons for non-compliance can be evaluat-

ed at that initial stage. If the trial court determines the reasons are not meritorious, the order compelling the production of documents would serve as a warning that if there is future non-compliance, sanctions will be imposed.

We also note that the federal rule regarding the entry of sanctions for failure to permit inspection,[6] upon which Rule 4019 is based, does require a failure to comply with a court order compelling discovery before sanctions may be imposed. Finally, it is apparent that, in practice, sanctions for failure to respond to discovery requests are generally not imposed until there has been a refusal to comply with a court order directing compliance. *Eg., Simpson v. Allstate Ins. Co.,* 350 Pa.Super. 335, 504 A.2d 335 (1986); *Miller Oral Surgery, Inc. v. Dinello,* 342 Pa.Super. 577, 493 A.2d 741 (1985); *Brunetti v. S.E. Pennsylvania Transport. Auth.,* 329 Pa.Super. 477, 478 A.2d 889 (1984); *Shehady v. Pittsburgh Post-Gazette,* 307 Pa.Super. 247, 453 A.2d 18 (1982).

We hold, on the facts of this case, that the trial court erred in imposing the severe sanction which precluded appellant from offering any evidence at trial as to damages where there was no prior order compelling the production of the documents relating to damages.

We accordingly reverse the trial court's order denying appellant's motion to strike, set aside, and vacate the court's order granting appellees' motion for compulsory non-suit. We also reverse the July 2, 1981 order imposing sanctions upon appellant. Appellees have conceded in their brief that appellant provided the requested documents to them soon after the trial court's imposition of sanctions. Thus, the case can now proceed to a new trial, with appellant being permitted to adduce evidence as to damages.

Orders are reversed. Case is remanded. Jurisdiction is relinquished.

6. Fed.R.Civ.P. 37.