## McDonnell v. Hagen

*Mark J. Lewinter,* for plaintiff.
*Joseph M. O'Neill,* for defendant.

AVELLINO, *J.,* July 27, 1987—Doreen McDonnell was one of several passengers in Jackie Hagen's car when it skidded off the road and hit a pole. No one has suggested that the pole was in motion before the accident, and McDonnell should have a comfortable ride to a verdict on the issue of liability.

The only bump she experienced occurred recently when Hagen's counsel carelessly omitted from his responses to written discovery the fact that his client had given her insurance company a recorded account of the accident on January 17, 1984. He neglected, moreover, to supply a copy or transcript of that recording. These omissions came to light during Hagen's oral deposition which took place on May 1, 1987.

McDonnell now seeks sanctions, urging that the written discovery responses she received were misleading.[1] Her counsel has furnished us with an affi-

---

1. Interrogatory no. 10 asked, "Have any parties to this action or witnesses . . . made or given any statement in regard to the accident . . . if so, for each such person state: (a) his or her name."

Defendant's answer was, "Debra Slane."

davit stating that the only reason he bothered deposing Hagen in this type of case was because he didn't have her account of the accident—viz, to rule out the risk of an exotic defense to the ostensibly indefensible. Meanwhile, Hagen's counsel has recently supplied the "missing" statement and expressed his regret for any inconvenience occasioned by its late production.

The matter of sanctions has been a source of much confusion among practicing members of the bar. For this reason, and because this case presents a novel question, it is appropriate that we file a formal opinion.

We do not, as a rule, impose sanctions for a violation of the discovery rules. The Superior Court has instructed that the better practice is to direct the discovery miscreant to comply with the rules. If that directive is thereafter ignored, sanctions then follow. *Griffin v. Tedesco*, 355 Pa. Super. 475, 513 A.2d 1020 (1986).

In *Griffin*, for example, plaintiff responded to a defendant's written discovery requests by asserting frivolous objections. After a hearing, an irate judge not only overruled the objections, but also "sanctioned" plaintiff — apparently for having made them — by precluding him from presenting any evidence on the issue of damages at trial. The Superior Court reversed, noting that the trial court "should

---

Document request no. 2 asked for the production for the following: "All statements, descriptions of statements, summaries of statements, memoranda, records or writing (signed or unsigned) of any and all witnesses, *including any statements from the parties herein* . . . including tapes or other mechanically transcripted information."

Defendant's response was, "See witness statements of Janis Fusari and Doreen McDonnell dated January 19, 1984, and January 26, 1984, respectively."

have first entered an order compelling compliance."

In this "two-step" scheme, the initial hearing may be triggered by either party. The party seeking discovery may present a motion to compel, or the party resisting it may seek a protective order. In either case, the hearing provides an opportunity whereby the objecting party's rights can be protected.[2] If we determine that the reasons asserted for the failure to make discovery are not meritorious, our order serves as a warning that, if there is future noncompliance, sanctions will be imposed.

This two-step procedure is mandated when there has been no discovery response or a response is made which asserts objections or the like. It is useless, however, when a responding party "misleads" an opposing party and harm ensues. In such cases, the moving party simply has no reason to seek our assistance to compel a response different than the misleading one actually made or implied.

The *Griffin* court recognized problems of this sort when it observed:

"We recognize that rule 4019 does not require the imposition of an order compelling discovery as a prerequisite to the trial court's authority to impose an appropriate sanction. As stated in the explanatory note to rule 4019, subdivision (a)(viii) is a blanket authorization to the court to enter a sanction order *whenever there is a failure to make discovery or to obey an order of the court. . . .* See *Crance v. Sohanic,* 344 Pa. Super. 526, 496 A.2d 1230

---

2. A one step procedure would oblige counsel to object at the risk of incurring sanctions if the objections are later stricken. It would likely have a chilling effect upon counsel's duty to protect his/her client against unreasonable discovery burdens or impermissible invasions of privacy interests. See Pa.R.C.P. 4011.

(1985)." *Griffin v. Tedesco,* supra, at 1023. This same language was recently cited with approval in *Linker v. Churnetski Trans. Inc.,* 360 Pa. Super. 366, 520 A.2d 502 (1987).

The best example of a "misleading" discovery response that causes harm occurs when a party fails—without justification—to attend a noticed deposition. The party serving notice has a right to expect that the responding party will either attend, or seek a protective order if he or she has good reason to avoid the deposition. When neither occurs, the noticing party is misled. Counsel expects the deposition to proceed as scheduled. When it does not, an order which directs the offender to attend a second deposition may set the stage for harsh sanctions later. But it does not cure the mischief already occasioned. Moving counsel wasted time scheduling and preparing for the initial deposition, and may have incurred expenses arranging for a stenographer and the like.

In such cases, those courts which have considered the problem have imposed sanctions in a "one-step" procedure. The sanction takes the form of an order directing the defaulting party to reimburse the moving party for the time wasted, together with those expenses actually incurred. See *Kinter v. Reliance Electric Co.,* 14 D.&C.3d 402 (1980) and *Kirk v. St. Clair Memorial Hospital,* 131 P.L.J. 289 (1982).

A careful reading of these opinions suggests that awarding expenses needlessly incurred is justified, in part, because to do less would be inconsistent with our basic notions of fairness and justice. In *Kinter,* for example, Judge Wettick reminds us that the law has traditionally imposed a duty to compensate upon a person whose conduct causes damages. Meanwhile, it matters not whether the conduct was

deliberate or merely careless. See *Verbalis v. Verbalis,* 286 Pa. Super. 209, 428 A.2d 646 (1981); *Crance v. Sohanic,* 344 Pa. Super. 526, 496 A.2d 1230 (1985).

McDonnell urges that we extend the *Kinter* rationale to her circumstance, and award like sanctions for the taking of a needless deposition. She argues that an order from us directing defendant to supplement her earlier discovery responses is too little and comes too late to remedy the harm already suffered. Moreover, it would be pointless. On the day after this motion was presented, defendant finally supplied the missing statement.

We agree. It strikes us as appropriate that a party who fails — carelessly or otherwise — to produce a relevant document be taxed the costs and expenses needlessly incurred in obtaining a reasonable facsimile.[3]

The order we enter is authorized by Pa.R.C.P. 4019(a)(viii) and the cases cited. Additional support may be found in the fact that it is consistent with rule 4019(a)2(d) which enables the court, on motion, to tax as costs the reasonable expenses incurred by a party in proving a fact that ought to have been admitted after a formal request.[4] See for example, *Ross v. Duncan,* 7 PICO 508 (1983).

For these reasons, we direct the following order be entered

## ORDER

(1) Defendant, Jackie Hagen, shall pay those reasonable expenses, including counsel fees, actu-

---

3. Defendant's testimony at deposition was in accord with her statement of January 17, 1984. Although we grant plaintiff's request for sanctions, we caution that our ruling is limited to the unique facts of this case, each of which was plainly demonstrated.

4. See Pa.R.C.P. 4014.

ally incurred by plaintiff as a result of defendant's failure to answer truthfully and accurately plaintiff's written interrogatories and requests for production of documents.

(2) If the parties cannot agree upon the amount due under paragraph 1 of this order, plaintiff shall submit an affidavit itemizing those expenses actually incurred as a consequence of defendant's conduct. Defendant shall have 14 days thereafter in which to respond by affidavit, deposition and the like.