**David H. HEIN, Appellant,**

v.

**Margaret Joan HEIN, Appellee.**

Superior Court of Pennsylvania.

Argued June 4, 1998.

Filed Sept. 21, 1998.

Thomas J. Lyons, Pittsburgh, for appellant.

Karen L. Ferri, Murrysville, for appellee.

Before FORD ELLIOTT, EAKIN and BECK, JJ.

BECK, Judge.

Appellant-husband appeals the trial court's final order disposing of the economic claims ancillary to the parties' divorce action. He raises two issues for our consideration, which he frames as follows:

1. Did the lower court make an error of law when, without holding a hearing on a motion for sanctions, it granted the motion and issued an order barring the appellant from presenting testimony at the equitable distribution hearing?

2. Did the lower court make an error of law when it held that appellee's witness was a[sic] qualified to testify to the issue of the value of real estate?

Finding no merit to either of his claims, we affirm.

The trial court cogently summarized the procedural history of this case:

On June 6, 1994, I entered an order permitting the parties to engage in discovery through September 19, 1994. On or about July 13, 1994 Wife's counsel served Husband with a Notice of Deposition accompanied by a document request. Husband failed to appear and did not produce the requested documents. Pursuant to Wife's Motion for Special Relief, Judge Baer entered an order dated August 19, 1994 which awarded Wife counsel fees for Husband's failure to comply and which further stated that Husband may be precluded from offering any evidence as to the economic issues if Husband failed to produce executed authorizations for documents.

On October 26, 1994, after a conciliation scheduled for October 20, 1994 at which wife sought additional sanctions in accordance with Judge Baer's order, I entered an Order directing Husband to produce all documents and all authorizations requested by Wife on or before November 14, 1994. I scheduled the case for further conciliation on November 22, 1994. Instead of producing the documents and authorization as ordered, on November 14,

1994 (the date on which they were ordered to be produced), Husband filed a response objecting to Wife's request for documents on grounds that the requested documents were not relevant or Husband did not have in his possession the documents requested.

On December 19, 1994 Husband filed a motion to re-schedule the equitable distribution conciliation due to unavailability of counsel, which motion was granted by Judge Folino and the conciliation was re-scheduled for March 21, 1995. On December 20, 1994, pursuant to a motion of Wife, I entered an order expediting the conciliation to January 9, 1995 and preserving Wife's claim for counsel fees.

On December 29, 1994 Husband's counsel filed a motion to withdraw as counsel [1] which I granted with the condition that Husband was to secure new counsel or to proceed pro se so as not to delay resolution of the case and the conciliation scheduled for January 9, 1995 was not to be continued due to lack of counsel or due to new counsel.

On January 11, 1995, after the January 9, 1995 conciliation, at which new counsel appeared, I ordered that Husband was precluded from offering evidence in his case in chief at the upcoming equitable distribution hearing before the permanent master. This was based upon my consideration of the bases of husband's objections and the fact that husband had already been ordered on two occasions to produce the requested documents and authorizations. It had been made clear when I entered the prior order setting the final deadline that the time for filing objections had long passed. Nonetheless, if Husband produced the documents contained in Wife's request for production of documents, the January 11 order stated that he could present a motion to me for reconsideration of my January 11, 1995 order within twenty days prior to the date set for hearing before the master. Husband failed to produce the required documents and did not seek reconsideration until the day of the scheduled master's hearing. On

---

1. Counsel cited husband's refusal to cooperate in preparing the case for trial as the reason for his withdrawal.

the morning of the hearing, husband claimed that he had the requested documents and would produce them and therefore requested the opportunity to produce witnesses. Wife objected stating that these documents were necessary for her to prepare her case and she certainly could not do so that day. The master referred the matter to me for resolution. I denied Husband's untimely motion for reconsideration.

Trial Court Opinion, 12/30/97, at 1–3.

■ In reviewing the trial court's imposition of discovery sanctions, "[w]e recognize that the imposition of specific sanctions for failure to obey a discovery order is largely within the discretion of the [trial] court. However, it is clear that in the exercise of judicial discretion in formulating an appropriate sanction order, the court is required to select a punishment which 'fits the crime.'" *Brunetti v. Southeastern Pennsylvania Transportation Authority*, 329 Pa.Super. 477, 478 A.2d 889 (Pa.Super.1984) (citations omitted). The appropriateness of the sanction imposed is assessed in light of four factors: 1) the prejudice caused to the opposing party and whether the prejudice can be cured; 2) the defaulting party's willfulness or bad faith in failing to comply with the discovery order; 3) the number of discovery violations; and 4) the importance of the precluded evidence in light of the failure. *Steinfurth v. LaManna*, 404 Pa.Super. 384, 590 A.2d 1286 (Pa.Super.1996).

■ Examining husband's conduct in this case in light of these factors, we find no abuse of discretion in the sanction imposed by the trial court. With respect to the first factor, the trial court in its opinion explicitly found that husband's intransigence prior to trial, his disingenuous claims that he did not have the requested information and his belated offer, on the day of the hearing, to produce the requested materials resulted in prejudice to wife. Regarding the second and third factors, the master and the trial court both concluded that husband's conduct in refusing over the course of many months to comply with wife's discovery requests and the court's ensuing orders, only to attempt at the last minute to avoid sanctions by producing the evidence, constituted repeated, willful disobedience of the court's discovery orders. While the trial court made no finding concerning the fourth factor, neither has husband asserted what evidence he would have introduced had the sanction not been imposed or how he was prejudiced by its exclusion. We thus conclude that the trial court did not abuse its discretion in imposing this serious sanction upon husband.

■ In reaching this conclusion, we take note that the integrity of the adjudication process requires that all parties promptly and with thoroughness respond to discovery requests. While this principle is applicable to all litigation, it is especially meaningful in domestic relations matters. Domestic relations litigation frequently involves bitterness and hostility coupled with an unwillingness of the parties to cooperate. The parties who at one time had an intimate relationship with one another are now engaged in a fight and the litigation process is used as an arena to resolve personal problems. However, a court cannot proceed to a fair resolution of the matter without the necessary information. The Divorce Code requires that the courts do "economic justice." 23 Pa.C.S.A. § 3102(a)(6). Behavior such as that exhibited by the husband prevents the court from fulfilling this statutory mandate. Where a party's action disrupts the fair and orderly process of the divorce action, the court acts appropriately in imposing even severe sanctions if necessary to take control of the situation.

■ Because we have concluded that the trial court's order was proper in light of the applicable factors, we find no merit in husband's argument that the order should be reversed because the language of the order itself did not address those factors. Similarly, his contention that the trial court was required to hold a hearing before imposing sanctions is meritless. Neither notice nor a hearing is a necessary prerequisite to the imposition of sanctions pursuant to Pa.R.C.P. 4019. *Pride Contracting, Inc. v. Biehn Construction, Inc.*, 381 Pa.Super. 155, 553 A.2d 82 (Pa.Super.1989) (citing *Calderaio v. Ross*, 395 Pa. 196, 150 A.2d 110 (1959); *Griffin v.*

*Tedesco*, 355 Pa.Super. 475, 513 A.2d 1020 (Pa.Super.1986)).

Husband's second argument also fails to establish a basis for the grant of appellate relief. He contends that the witness offered by wife to testify on the value of the parties' marital home should not have been qualified as an expert and that her valuation testimony should not have been relied upon by the master or the trial court. The crux of his argument is that because wife's witness was a real estate sales agent and not a broker or a certified real estate appraiser, her opinion as to the market value of the parties' property should not have been accepted by the trial court.

■■■ The law regarding expert qualification in Pennsylvania is well established:

> [T]he standard for qualification of an expert witness is a liberal one. *The test to be applied when qualifying an expert witness is whether the witness had any reasonable pretension to specialized knowledge on the subject under investigation.* If he does, he may testify and the weight to be given to such testimony is for the trier of fact to determine. It is also well established that a witness may be qualified to render an expert opinion based on training and experience. Formal education on the subject matter of the testimony is not required.... It is not a necessary prerequisite that the expert be possessed of all of the knowledge in a given field, only that he possess more knowledge than is otherwise within the ordinary range of training, knowledge, intelligence or experience.

*Zak v. Prudential Property & Casualty Insurance Company*, 713 A.2d 681, 689 (Pa.Super. 1998) (quoting *Erdos v. Bedford Valley Petroleum Co.*, 452 Pa.Super. 555, 682 A.2d 806, 808 (Pa.Super.1996) (emphasis in original), quoting *Miller v. Brass Rail Tavern, Inc.*, 541 Pa. 474, 664 A.2d 525, 528 (1995)). Moreover,

> [w]hether or not a witness may be permitted to testify as an expert is a decision that rests within the sound discretion of the

trial court. *Flanagan v. Labe*, 547 Pa. 254, 690 A.2d 183 (Pa.1997) (citing *Miller v. Brass Rail Tavern, Inc.*, 541 Pa. 474, 664 A.2d 525 (Pa.1995)). Such decisions will not be disturbed on appeal in the absence of an abuse of the trial court's discretion. *Id.* at 185.

*Bennett v. Graham*, —— Pa. ——, 714 A.2d 393, 395 (1998).

■■■ The witness offered by wife in this case was a real estate agent with eighteen years of experience, much of which involved the sale of homes in the community where the parties' home is located. The witness testified that although she was not a broker or a certified real estate appraiser, her training and experience included the determination of listing prices for properties by comparing them with comparable properties recently listed or sold, and that she had used this method in reaching her opinion as to the market value of the parties' home. Clearly, this witness had a reasonable pretension to specialized knowledge as to the market value of real estate, the limited issue on which she testified. Moreover, because she testified and was cross-examined at length regarding the particular comparable properties and the features and conditions of the parties' home which she used in her analysis, the master was well equipped to assess the reliability of that analysis and give it evidentiary weight accordingly. We find no abuse of discretion in the decision of the master, accepted by the trial court, to use this witness's opinion as the basis for valuing the parties' home for equitable distribution purposes.

Because husband's claims lack merit, we affirm the order of the trial court.[2]

Motion to dismiss denied. Order affirmed.

---

**2.** Wife has filed a motion to dismiss this appeal because husband failed to order the entire transcript of proceedings before the master, instead furnishing only a transcript of the testimony of

wife's expert witness. Because this transcript provided an adequate basis to review husband's claims on appeal, we have disposed of the matter on its merits. The motion to dismiss is denied.