J-S36024-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| MYRNA COHEN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| MOORE BECKER, P.C. | : | |
| | : | |
| Appellee | : | No. 188 WDA 2020 |

Appeal from the Order Entered January 6, 2020
In the Court of Common Pleas of Westmoreland County
Civil Division at No(s): 8424 of 2008

BEFORE: OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                    FILED OCTOBER 26, 2020

Appellant, Myrna Cohen, appeals from the order entered in the
Westmoreland County Court of Common Pleas, which granted the motion of
Appellee, Moore Becker, P.C., for discovery sanctions and dismissed
Appellant's complaint with prejudice, in this legal malpractice dispute. For the
following reasons, we vacate and remand.

The relevant facts and procedural history of this case are as follows. In
1999, Appellant became disabled and was denied a claim for social security
disability ("SSD") benefits. Appellant retained Jeffrey Abramowitz, Esq. via
an oral agreement to appeal the denial of SSD benefits on her behalf. In
2002, Appellant's long-term disability ("LTD") benefits provider discontinued

_____

[*] Retired Senior Judge assigned to the Superior Court.

her benefits. Appellant again retained Mr. Abramowitz through an oral agreement to restore her LTD benefits. At all relevant times, Mr. Abramowitz was an employee of Appellee. Appellant was unsuccessful in both disputes under Mr. Abramowitz's representation.

Appellant initiated this action against Mr. Abramowitz and Appellee in July 2008. In June 2010, Appellant filed an amended complaint asserting a breach of fiduciary duty claim against Mr. Abramowitz; professional negligence claims against Mr. Abramowitz and Appellee; and a negligence claim against Appellee under the doctrine of respondeat superior. In Appellant's negligence allegations, she averred that Mr. Abramowitz failed to litigate and/or fully litigate her claims, and otherwise seek relief for Appellant, directly resulting in Appellant's deprivation of both benefits. In February 2017, Appellant voluntarily discontinued her claims against Mr. Abramowitz. Subsequently, Appellee filed a motion for judgment on the pleadings. In June 2018, the court granted in part and denied in part Appellee's motion, dismissing Appellant's direct professional negligence claim against Appellee. As a result, the only remaining claim was Appellant's negligence claim against Appellee under the doctrine of respondeat superior.

In April 2019, Appellee sought to depose Appellant in July 2019. Due to mutual scheduling conflicts, the parties agreed to hold the deposition on October 4, 2019, and Appellee served Appellant with a notice of deposition to that effect. The parties agreed to postpone when Appellant's counsel

encountered a further scheduling conflict. As a result, Appellee issued a first amended notice of deposition for October 25, 2019. On October 24, 2019, Appellant cancelled the October 25th deposition. Appellant said that she: (1) was and had been in Virginia for an extended period, and did not plan to return until approximately mid-December; (2) did not receive the first amended notice of deposition until October 24th; and (3) was unsure if she could sit for a day-long deposition due to a medical concern. Appellant did not inform her counsel that she was in Virginia until she cancelled the October 25th deposition. Appellee offered to reschedule for November 4, 2019, but Appellant would not commit to any date in November 2019.

On November 1, 2019, Appellee filed a motion to compel Appellant to attend a deposition, which the court granted that same day. The November 1st order provided:

> [Appellant] shall sit for a deposition in Greensburg, Pennsylvania by December 6, 2019. If it cannot be completed in one day due to medical reasons or otherwise, it will resume on or before December 13, 2019. Should [Appellant] not comply with this Order, the [c]ourt may consider sanction, upon further motion by [Appellee].

(Order, dated November 1, 2019).

On December 6, 2019, Appellant filed a motion for leave to continue the deposition dates to February 2020. In her motion, Appellant alleged she is the primary caregiver for her sister in Virginia, who had undergone surgery in August 2019 necessitating recovery through January 2020. Appellant attached a physician's letter dated November 19, 2019, attesting to her

- 3 -

sister's medical status and explaining that Appellant had cared for her sister following the surgery. The court issued an order on December 6, 2019 granting Appellant partial relief, stating:

> [Appellant] shall sit for a deposition in Greensburg, Pennsylvania during the week of December 16th, 2019. If it cannot be completed in one day due to medical reasons or otherwise, it will resume during another day within that week as arranged by counsel. Failure of [Appellant] to comply will result in a sanction upon motion of [Appellee's] counsel and failure to comply with the sanction or purge the same will result in a bench warrant against [Appellant].

(Order, dated December 6, 2019).

Appellee issued a second amended notice of deposition, setting the deposition for December 20, 2019. Upon Appellant's request, the parties rescheduled the deposition for December 17th. Appellee issued a third amended notice of deposition for December 17th, along with December 23rd, in the event the parties needed a second day to complete the deposition. On December 16, 2019, Appellant cancelled the December 17th deposition, claiming she was ill. The parties confirmed the deposition would proceed on Monday, December 23, 2019. On Friday, December 20, 2019, Appellant cancelled the December 23rd deposition also due to illness.

On January 3, 2020, Appellee filed a motion for sanctions, specifically requesting dismissal of Appellant's case. That same day, the court held a hearing on Appellee's sanctions motion, during which Appellant presented documentation to support her reasons for not attending a deposition. Appellant submitted: (1) the November 19, 2019 physician's letter; (2) a

- 4 -

medical care visit report dated December 20, 2019, indicating Appellant presented that day with and received treatment for a viral illness; and (3) a nurse's letter dated December 20, 2019, excusing Appellant from work/meetings through January 2, 2020.

On January 6, 2020, the court granted Appellee's motion for sanctions and dismissed Appellant's only outstanding claim with prejudice. Appellant filed a timely notice of appeal on February 5, 2020. The court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant filed none.

Appellant raises two issues for our review:

> Whether the [c]ourt erred in dismissing [Appellant]'s sole remaining claim upon [Appellee]'s first and only Motion for Sanctions, in the face of the [c]ourt's previous Order stating that failure to abide by a future Motion for Sanctions would result in a bench warrant being issued[?]

> Whether the [c]ourt erred in dismissing [Appellant's] sole remaining claim upon [Appellee]'s first and only Motion for Sanctions, in the face of [Appellant] being ill with a virus, being contagious, and being directed by a physician to restrict her activities[?]

(Appellant's Brief at 4).

In her issues combined, Appellant argues dismissal of her case was premature under the December 6, 2019 order. Appellant emphasizes the December 6th order provided that the court would issue a bench warrant, not dismiss her case, as a discovery sanction. Appellant adds that, per the December 6th order, the bench warrant was a possible penalty only after the

court imposed a sanction for her failure to comply with the order and if Appellant subsequently continued to withhold her deposition testimony.

Appellant also argues her discovery default did not warrant dismissal of her case pursuant to Pa.R.C.P. 4019. Appellant asserts she failed to comply with only one order compelling her to sit for a deposition during a specific week, and that no subpoenas to attend a deposition had been issued. Appellant contends she acted in good faith when she delayed the December 2019 depositions. Appellant notes her doctor deemed her contagiously ill and physically unable to sit for a whole day, and that she proactively sought to avoid noncompliance when she filed the December 6, 2019 motion to continue the deposition dates. Appellant insists Appellee would have suffered no prejudice if her deposition occurred a few weeks after mid-December 2019, because if Appellee was prepared to depose her then, it could just as easily have deposed her several weeks later. Appellant submits that even if Appellee suffered prejudice as a result of her discovery violations, her payment of Appellee's counsel fees and expenses would have cured any prejudice. Appellant concludes she is entitled to relief. We agree relief is due.

Pennsylvania Rule of Civil Procedure 4019 governs the imposition of discovery sanctions as follows:

Rule 4019. Sanctions

(a)(1)  The court may, on motion, make an appropriate order if[:]

* * *

- 6 -

(viii)  a party or person otherwise fails to make discovery or to obey an order of court respecting discovery.

\*    \*    \*

(c)      The court, when acting under subdivision (a) of this rule, may make[:]

\*    \*    \*

(3)   an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or entering a judgment of non pros or by default against the disobedient party or party advising the disobedience[.]

\*    \*    \*

(5)   such order with regard to the failure to make discovery as is just.

\*    \*    \*

Pa.R.C.P. 4019(a)(1)(viii), (c)(3), (c)(5).  "Rule 4019 does not require the imposition of an order compelling compliance as a prerequisite to the trial court's authority to impose a sanction."  Weist v. Atlantic Richfield Co., 543 A.2d 142, 145 (Pa.Super. 1988).

"[T]he purpose of discovery sanctions is to secure compliance with our discovery rules and court orders in order to move the case forward and protect the substantive rights of the parties, while holding those who violate such rules and orders accountable."  Rohm & Haas Co. v. Lin, 992 A.2d 132, 147 (Pa.Super. 2010).  Defiance of discovery orders "is a direct affront to the authority of the trial court and to the integrity of the judicial system and rule of law."  Id. at 143.

> Generally, imposition of sanctions for a party's failure to comply with discovery is subject to the discretion of the trial court as is the severity of the sanctions imposed. Nevertheless, the court's discretion is not unfettered: because dismissal is the most severe sanction, it should be imposed only in extreme circumstances, and a trial court is required to balance the equities carefully and dismiss only where the violation of the discovery rules is willful and the opposing party has been prejudiced.

Id. at 142 (internal citations, quotation marks, and emphasis omitted). "[T]he exercise of judicial discretion in formulating an appropriate sanction [o]rder requires the court to select a punishment which 'fits the crime.'" Weist, supra at 144. Appellate review of a discovery sanction that results in dismissal is stringent, and our standard of review of such a sanction is strict scrutiny. Rohm & Haas, Co., supra at 141-42; Cove Centre, Inc. v. Westhafer Const., Inc., 965 A.2d 259, 261 (Pa.Super. 2009).

"[W]here a discovery sanction either terminates the action directly or would result in its termination by operation of law, the [trial] court must consider multiple factors balanced against the necessity of the sanction." Anthony Biddle Contrs., Inc. v. Preet Allied Am. St., LP, 28 A.3d 916, 926 (Pa.Super. 2011).

> The following factors are applied to determine whether dismissal is appropriate as a discovery sanction:
>
> (1) the nature and severity of the discovery violation;
>
> (2) the defaulting party's willfulness or bad faith;
>
> (3) prejudice to the opposing party;
>
> (4) the ability to cure the prejudice; and

> (5) the importance of the precluded evidence in light of the failure to comply.

Scampone v. Grane Healthcare Company, 169 A.3d 600, 628 (Pa.Super. 2017), appeal denied, 647 Pa. 64, 188 A.3d 388 (2018). This Court has consistently placed greater emphasis on (i) the prejudice to the non-offending party and the ability to cure that prejudice, and (ii) the willfulness of the offending party's conduct. City of Philadelphia v. Fraternal Order of Police Lodge No. 5 (Breary), 604 Pa. 267, 286, 985 A.2d 1259, 1271 (2009). "[E]ach factor represents a necessary consideration, not a necessary prerequisite." Rohm & Haas Co., supra at 142.

This Court has reserved dismissal as an appropriate discovery sanction for only the most egregious discovery violations. See, e.g., Rohm & Haas Co., supra at 143-44 (holding entry of default judgment was within court's discretion, where defendant failed to comply with discovery orders for five years and expressed no intention to comply; defendant's failure to provide discovery manifested willful noncompliance and prejudiced plaintiff, who required withheld documents to make its case); Sahutsky v. Mychak, Geckle & Welker, P.C., 900 A.2d 866, 871 (Pa.Super. 2006), appeal denied, 591 Pa. 673, 916 A.2d 1103 (2007) (determining dismissal of plaintiffs' case via non pros was appropriate sanction for plaintiffs' failure to respond to discovery for seven months despite court order without legitimate excuse); Philadelphia Contributorship Ins. Co. v. Shapiro, 798 A.2d 781, 785-86 (Pa.Super. 2002) (deciding dismissal was commensurate sanction for failure

to comply with discovery requests and orders for 16 months; litigant's failure to supply discovery at issue prejudiced opponent's ability to establish defenses); Croydon Plastic Co., Inc. v. Lower Bucks Cooling & Heating, 698 A.2d 625, 629-30 (Pa.Super. 1997), appeal denied, 553 Pa. 689, 717 A.2d 1028 (1998) (upholding discovery sanction barring plaintiff from introducing expert testimony, constructively dismissing case, where plaintiff violated multiple discovery orders and failed to provide expert report for 14 months without viable explanation, evidencing willful noncompliance); Hein v. Hein, 717 A.2d 1053, 1055-56 (Pa.Super. 1998) (affirming preclusion of husband's evidence in support of equitable distribution case-in-chief, effectively dismissing husband's claim, where husband failed to comply with discovery requests for six months, despite two court orders).

In situations where the offending party's conduct was less egregious, however, this Court has rejected discovery sanctions putting the offending party out of court as too severe. See, e.g., Scampone, supra at 627-28 (determining sanction striking defendant's responsive pleadings was not commensurate with defendant's paper discovery violations, despite court order, where plaintiff was in possession of at-issue documents at time of appeal and prejudice resulting from inaccurate disclosure was remedied by this Court granting new trial for punitive damages); Anthony Biddle Contrs., Inc., supra at 926-28 (holding trial court abused its discretion when it entered sanction putting plaintiff out of court, where plaintiff made written

discovery request only eight days after its discovery deadline but within overall discovery period, and where late discovery request was due to counsel's clerical error); Steinfurth v. LaManna, 590 A.2d 1286, 1289-90 (Pa.Super. 1991) (explaining order precluding plaintiffs from establishing their case was improper, despite plaintiffs' delay in identifying expert witness for three years; as of hearing on motion for sanctions, defendants had received expert report; defendants suffered no prejudice, because trial had not yet been scheduled, so defendants still had time to review expert report, depose expert, and obtain opposing expert); Griffin v. Tedesco, 513 A.2d 1020, 1024 (Pa.Super. 1986) (holding trial court abused its discretion by imposing "severe sanction which precluded appellant from offering any evidence at trial as to damages where there was no prior order compelling the production of the documents relating to damages").

Instantly, Appellee initially issued a notice of Appellant's deposition for October 25, 2019. On October 24th, Appellant told her counsel for the first time that she was in Virginia and cancelled the deposition. Appellee offered to postpone, but Appellant said she could not sit for a deposition throughout November 2019 due to a medical condition. On November 1, 2019, Appellee sought and received a court order compelling Appellant's cooperation. The November 1st order required Appellant to appear for a first deposition by December 6, 2019, and, if necessary, a second deposition by December 13, 2019. Also, the November 1st order cautioned that the court would consider

imposing sanctions, upon Appellee's request, if Appellant did not comply.

Appellant did not appear for a deposition by December 6, 2019. Instead, on that day Appellant filed a motion to continue the deposition dates to February 2020. Appellant claimed she had been in Virginia acting as the primary caregiver for her sister, who had undergone surgery in August 2019 requiring recovery through January 2020. On December 6, 2019, the court entered an order compelling Appellant to appear for depositions the week of December 16, 2019. In the order, the court warned that Appellant's continued intransigence would result in sanctions, on Appellee's motions, culminating in the entry of a bench warrant.

Appellee issued an amended deposition notice for December 17, 2019, and December 23, 2019. On December 16, 2019, Appellant claimed she was ill and cancelled the December 17th deposition. The parties agreed to hold the deposition on Monday, December 23, 2019, but on Friday, December 20th, Appellant cancelled again due to illness. Appellee filed a motion for sanctions requesting dismissal. At the hearing on the motion, Appellant presented a November 19, 2019 physician's letter attesting to her sister's condition and December 20, 2019 documents related to medical care Appellant received that day. The court granted Appellee's motion and dismissed Appellant's case.

In dismissing Appellant's case as a discovery sanction under Rule 4019, the trial court explained its rationale as follows:

> Looking to the [prejudice] factor, this [c]ourt finds that [Appellant]'s refusal to submit to a deposition in

contravention of two explicit orders of [c]ourt affirmatively prejudices [Appellee]. The instant case deals with legal services [Appellant] received from [Appellee] in regards to…[SSD and LTD benefits] case[s] over ten years ago, along with an assessment of [Appellant]'s medical conditions dating back over two decades. With the instant case being already over ten years old, any further delay continues to prejudice [Appellee] with the passage of time. [Appellant], then, is clearly the integral witness necessary for the preparation of any defense to the action. As to [Appellant]'s ability to cure any prejudice, [Appellant] has repeatedly shown that she is unwilling to participate in her deposition, which is the only way in which the prejudice here would be cured.

Looking to the [willfulness and bad faith] factor, it appears that [Appellant] acted willfully and in bad faith in continuing to fail to appear for her deposition. This is especially apparent as she repeatedly contacted [Appellee] through her counsel on the eve of the scheduled depositions and refused to appear; this specifically occurred on October 24, 2019, December 6, 2019, December 16, 2019 and December 20, 2019. While the [c]ourt is sympathetic to any illness suffered by [Appellant], this cycle of refusal to appear and consented-to rescheduling occurring within such a short period of time suggests willful and calculated behavior.

…[T]he deposition testimony of [Appellant] is crucial, as it forms the basis for her entire professional negligence claim against [Appellee]. It would not appear that [Appellee] would be able to set forth any cogent defense without the benefit of [Appellant]'s testimony. … Notably, she disregarded not only the various notices of deposition, but also disobeyed two Orders of [c]ourt which compelled her deposition be taken or face sanctions by the [c]ourt. Although carrying less weight than the preceding two factors, [this factor] weigh[s] in favor of dismissal of the case.

Looking to the totality of the circumstances in this case, it appears that [Appellant] has repeatedly and willfully violated both deposition notices and Orders of [c]ourt in repeatedly canceling a vital deposition, without which

- 13 -

> [Appellee] is heavily prejudiced in formulating any defense to the present action. As such, this [c]ourt was within its discretion in granting the [Appellee]'s Motion for Sanctions and dismissing the instant case by Order dated January 6, 2020.

(Trial Court Opinion, filed March 13, 2020, at 4-5). Notwithstanding the court's consideration of the relevant facts, we cannot agree with the trial court's conclusion that dismissal of Appellant's case was an appropriate discovery sanction under the facts of this case. See Scampone, supra.

Looking at the first factor, the nature and severity of the discovery violation, Appellant's discovery violations in failing to attend scheduled depositions took place over an approximate two-month timeframe, from October 25, 2019 through December 23, 2019. Although Appellant's contravention of court orders and dalliance are not condonable, the dismissal of Appellant's case was disproportionate to two months of noncompliance. Compare Rohm & Haas Co. Co., supra; Sahutsky, supra; Philadelphia Contributorship Ins., supra; Croydon Plastic Co., Inc., supra.

Second, concerning whether Appellant acted willfully or in bad faith, Appellant repeatedly cancelled depositions the day before, or business day before, the scheduled date. She also requested a continuance of court-ordered deposition dates on the day by which the court had dictated the deposition must occur. As well, Appellant offered almost no legitimate explanations for failing to submit to a deposition. See Sakutsky, supra. Contrary to Appellant's assertion, Appellee need not have subpoenaed

Appellant to require her to submit to a deposition; Appellee's notices of deposition alone obligated Appellant to cooperate. See Pa.R.A.P. 4007.1(a) (stating: "… A party noticed to be deposed shall be required to appear without subpoena"). Furthermore, with the possible exception of Appellant's illness in mid-December 2019, the reasons she proffered did not arise, nor did she allege they arose, so suddenly that they were legitimate excuses for Appellant's last-minute cancellations. Thus, we agree with the trial court that Appellant acted willfully and in bad faith. See Sakutsky, supra.

As to the remaining factors (prejudice to Appellee, the ability to cure the prejudice, and the importance of the precluded evidence in light of the failure to comply), we also agree with the trial court that Appellant's deposition testimony is a vital source of information crucial to both Appellant's claim and Appellee's defense. Deposing Appellant, however, is not the only means by which Appellee could gain all information necessary to establish a defense. For example, if Appellee has not already done so, Appellee could request Appellant answer interrogatories and produce relevant documentation. See Pa.R.C.P. 4005, 4009.11. Second, Appellee could attempt to collect from Mr. Abramowitz details of his representation of Appellant. See Pa.R.C.P. 4009.21. See also Salsman v. Brown, 51 A.3d 892, 894-95 (Pa.Super. 2012) (explaining client waives attorney-client privilege when client challenges counsel's integrity and professionalism).

Furthermore, the record includes no indication that the court had

scheduled trial or even entered a case management order setting discovery deadlines. Appellee could have continued to pursue Appellant's deposition, as Appellee did not face an impending date by which it must have completed discovery or filed dispositive motions, and was not pressed for time to prepare for trial. See Steinfurth, supra. Thus, Appellant's refusal to fulfill her discovery obligations did not so seriously prejudice Appellee to justify the extreme sanction of dismissing Appellant's case. See id.

Based upon the foregoing, although Appellant's repeated and untimely defiance of Appellee's deposition notices and the court's discovery orders exhibited bad faith, consideration of all relevant factors compels us to conclude that dismissal is disproportionate to Appellant's discovery transgressions. See Scampone, supra; Weist, supra. See also Rohm & Haas, Co., supra. Accordingly, we vacate the court's order dismissing Appellant's case and remand for further proceedings.[1]

Order vacated; case remanded for further proceedings. Jurisdiction is relinquished.

_____

[1] Upon remand, the trial court may consider imposition of a discovery sanction more appropriately suited to Appellant's misconduct. See Scampone, supra at 628 (directing trial court to consider on remand alternative sanction commensurate with litigant's discovery violations); Brunetti v. Southeastern Pennsylvania Transp. Authority, 478 A.2d 889, 891 (Pa.Super. 1984) (reversing discovery sanction order that put litigant out of court, but opining less severe penalty would have been appropriate). See also Pa.R.C.P. 4019(a)(1)(viii), (c)(5).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/26/2020</u>