Peter John **LUSZCZYNSKI** and Aliczjz Luszczynski, **Appellees**,

v.

Valerie **BRADLEY** and Christopher M. Turner and American Independent Insurance Company.

**Appeal of American Independent Insurance Company.**

Superior Court of Pennsylvania.

Argued Oct. 28, 1998.
Filed. April 19, 1999.

Jonathan F. Ball, Philadelphia, for appellant.

David J. Shannon, Philadelphia, for Luszczynski, appellees.

Before MUSMANNO, J., CERCONE, President Judge Emeritus and BECK, J.

MUSMANNO, J.:

¶ 1 Appellant American Independent Insurance Company ("AIIC") appeals from an Order entering a default judgment against it and in favor of Appellees Peter John Luszczynski ("Peter Luszczynski") and Aliczjz Luszczynski (together the "Luszczynskis") in the amount of $102,-

861.64. The trial court entered that default judgment against AIIC as a sanction for AIIC's discovery abuses and its willful violations of the trial court's Orders. We affirm.

¶ 2 We summarize the complicated factual and procedural background of this case as follows. Christopher M. Turner ("Turner") owned an automobile that was insured under an insurance policy issued by AIIC. In May 1996, the Luszczynskis filed a Complaint against Turner and Valerie Bradley ("Bradley"),[1] alleging that, while negligently operating Turner's automobile, Bradley struck Peter Luszczynski, causing severe and permanent injuries to him. Neither Turner nor Bradley answered or otherwise responded to the Complaint and, consequently, a judgment of liability was entered by default against them. Following an assessment of damages hearing, the trial court entered judgment against Turner and Bradley and in favor of the Luszczynskis in the amount of $102,861.64.

¶ 3 On April 9, 1997, the Luszczynskis instituted garnishment proceedings against AIIC, including a bad faith claim against AIIC that was assigned to the Luszczynskis by Bradley. That bad faith claim concerned AIIC's failure and/or refusal to attempt to settle the Luszczynskis' claims within the applicable policy limits prior to the institution of litigation or the entry of judgment against Turner and Bradley.[2]

¶ 4 The Luszczynskis subsequently noticed the deposition of an AIIC records custodian for November 7, 1997, instructing the deponent to produce at that deposition various documents relating to the underlying accident and injury claims. AIIC, however, filed a Motion for Protective Order, seeking to prevent that deposition on the grounds that AIIC had not been served with a subpoena as required in garnishment proceedings and that the

requested documents allegedly exceeded the proper scope of discovery in garnishment proceedings. After hearing arguments on that Motion, the trial court ruled that, because the Luszczynskis were pursuing a bad faith claim against AIIC that had been assigned to them by Bradley and thereby were seeking to recover from AIIC the entire amount of the judgment in their favor, the Luszczynskis were entitled to the deposition and the documents that they sought. The trial court, on November 14, 1997, ordered AIIC, upon being served with a subpoena *duces tecum*, to appear for a deposition and to produce all requested documents pertinent to the garnishment proceedings and bad faith claim.

¶ 5 Accordingly, on November 19, 1997, the Luszczynskis' counsel scheduled that deposition for December 11, 1997 and forwarded a subpoena *duces tecum* to AIIC's counsel, who had agreed to accept service of it. On December 10, 1997, however, the day before the scheduled deposition, AIIC's counsel sent a letter to the Luszczynskis' counsel, stating that neither he nor AIIC would appear at the deposition or produce any documents because the subpoena *duces tecum* was "not properly served."

¶ 6 The Luszczynskis then filed a Motion to Compel AIIC to appear at the deposition and to produce the requested documents. At the January 9, 1998 hearing on that Motion, AIIC, without providing specific reasons, continued to insist that it was not obligated to produce documents concerning the bad faith claim, despite the trial court's November 14, 1997 Order to the contrary. After that hearing, the trial court entered an Order dated January 9, 1998, again ordering AIIC to appear for a deposition within ten days and to produce all requested documents. The Luszczynskis then rescheduled the deposition for January 19, 1998.

1. Neither Turner nor Bradley is participating in this appeal.

2. The AIIC insurance policy covering Turner's automobile had limits of $15,000 per person and $30,000 per accident.

¶ 7 On January 13, 1998, AIIC's counsel informed the Luszczynskis by letter that AIIC refused to obey the trial court's Order and that it would not appear for the deposition or produce any of the requested documents for the following reasons:

> Whether or not [the trial court] can order my client [AIIC], not a party to your action, to appear at a deposition with its documents without having you first comply with all requirements of Rule 234.2 [service of subpoenas] is an academic discussion since I do not believe that she can.

> I do not believe that you are entitled to the deposition or to bring the bad faith garnishment proceeding against AIIC.

¶ 8 The Luszczynskis subsequently filed a Motion for Default Judgment, pursuant to Rule 4019 of the Pennsylvania Rules of Civil Procedure, on the basis of AIIC's violations of the trial court's November 14, 1997 and January 9, 1998 Orders. On January 30, 1998, AIIC filed a Petition to Set Aside Writ of Execution, arguing that the Luszczynskis had no basis under Pennsylvania law on which to bring a bad faith claim against AIIC.[3] At a hearing on February 6, 1998, the trial court, in light of this Court's January 30, 1998 decision in *Brown v. Candelora*, 708 A.2d 104 (Pa.Super.1998),[4] asked the parties whether Turner and/or Bradley had assigned their bad faith claim against AIIC to the Luszczynskis. The Luszczynskis confirmed that they had obtained an assignment of the bad faith claim from Bradley. The trial court then continued the hearing to allow the Luszczynskis to produce evidence of that assignment. On February 20, 1998, the Luszczynskis produced a written, notarized assignment from Bradley to the Luszczynskis' counsel dated June 25, 1997. When AIIC challenged the validity of that assignment, the trial court scheduled yet another hearing on that issue for March 5, 1998.

¶ 9 At the March 5, 1998 hearing, in addition to the original June 25, 1997 assignment, the Luszczynskis produced an affidavit from Bradley dated March 3, 1998, confirming that she had assigned her bad faith claim to the Luszczynskis through her original assignment, and also an additional assignment dated March 3, 1998, again assigning Bradley's bad faith claim to the Luszczynskis. The Luszczynskis also produced an assignment from their counsel to them of all rights or claims that had been assigned by virtue of the June 25, 1997 assignment.[5]

¶ 10 After hearing arguments, the trial court ruled that the Luszczynskis possessed a valid assignment of Bradley's claims against AIIC. The trial court then granted the Luszczynskis' Motion for Default Judgment and, by an Order dated March 5, 1998, entered judgment against AIIC in the amount of $102,861.64 because of its violations of the trial court's discovery Orders. On March 6, 1998, the trial court denied AIIC's Petition to Set Aside Writ of Execution. AIIC filed a Petition

---

3. AIIC's Petition did not challenge the validity of Bradley's assignment of the bad faith claim to the Luszczynskis nor did it argue that the Luszczynskis were required to establish that they possessed a valid assignment as a condition precedent to pursuing their bad faith claim. Rather, the Petition simply argued that such actions by injured plaintiffs were not allowed under Pennsylvania law.

4. In *Brown*, this Court held that a plaintiff who has recovered a judgment against an insured tortfeasor may pursue a garnishment action against the tortfeasor's insurer based on a claim of bad faith and for sums in excess of the coverage of the insurance policy only if the plaintiff obtains an assignment of that bad faith claim from the tortfeasor. 708 A.2d at 113.

5. AIIC objected to the admission of the June 25, 1997 assignment and the March 3, 1998 affidavit on the grounds that that assignment purported to assign Bradley's claim to the Luszczynskis' counsel rather than to the Luszczynskis. The trial court overruled that objection. AIIC objected to the admission of the March 3, 1998 assignment on the basis of surprise. The trial court allowed AIIC additional time to formulate an argument as to that assignment and overruled that objection, as well.

to Vacate Default Judgment, which the trial court denied. AIIC then filed this timely appeal.

¶ 11 On appeal, AIIC contends that the trial court erred in entering a default judgment against it as a discovery sanction for its violations of the trial court's Orders. AIIC also attempts to argue on appeal that the trial court erred in determining that the Luszczynskis possessed a valid assignment of Bradley's bad faith claim against AIIC.

¶ 12 The decision whether to sanction a party for a discovery violation and the severity of such a sanction are matters vested in the sound discretion of the trial court. *Croydon Plastics Co. v. Lower Bucks Cooling & Heating*, 698 A.2d 625 (Pa.Super.1997). We will not reverse a trial court's order imposing such a sanction unless the trial court abused its discretion. *Id.*

¶ 13 Rule 4019 of the Pennsylvania Rules of Civil Procedure expressly authorizes a trial court to enter a default judgment against a defendant who fails to comply with the trial court's discovery orders. *See* Pa.R.C.P. 4019(c)(3). This Court has identified the following factors for trial courts to consider when determining an appropriate sanction under Rule 4019:

(1) the nature and severity of the discovery violation;

(2) the defaulting party's willfulness or bad faith;

(3) prejudice to the opposing party;

(4) the ability to cure the prejudice; and

(5) the importance of the precluded evidence in light of the failure to comply.

*Croydon*, 698 A.2d at 629.

¶ 14 In this case, AIIC contends that the trial court improperly balanced the considerations articulated in *Croydon* and that, therefore, it abused its discretion in entering a default judgment as a discovery sanction. In its Opinion dated June 9, 1998, the trial court explained the rationale for its decision to enter a default judgment against AIIC as a sanction under Rule 4019. Specifically, the trial court determined that AIIC's actions demonstrated a willful refusal to comply with its Orders. It then noted the severity of AIIC's violations with respect to the proceedings against AIIC and to the integrity of the judicial system as a whole. The trial court determined that, under such circumstances, it could not countenance AIIC's disobedience of its Orders. It therefore imposed a default sanction in accordance with the provisions of Rule 4019.

¶ 15 After a thorough review of the entire record in this case and of the rationale for the trial court's decision, we cannot conclude that the trial court abused its discretion in determining that the entry of a default judgment against AIIC was an appropriate sanction in this case. AIIC's violations of the trial court's Orders clearly were willful and severe. AIIC disagreed with the trial court's Orders compelling it to appear for a deposition and to produce documents and so it simply refused to comply. Even statements in its appellate Brief confirm that AIIC violated the trial court's Orders because it believed that the trial court was wrong, and AIIC apparently still believes that that justifies its violations of those Orders. AIIC is wrong. Such defiance of the trial court by AIIC was not justified or excusable, but was a direct affront to the authority of the trial court and to the integrity of the judicial system and the rule of law.

¶ 16 AIIC also argues that its violations of the trial court's Orders were justified because it believed that the trial court should have ruled on whether the Luszczynskis possessed a valid assignment from Bradley before ordering discovery on their claims. AIIC's argument misses the point. The trial court's Orders did not signal the opening of a debate between the trial court and AIIC as to whether those Orders were proper. Rather, when the

trial court ordered AIIC to appear for a deposition and to produce documents, there was only one appropriate course of conduct available to AIIC: to comply with those Orders. AIIC chose not to do so at its own peril.[6]

¶ 17 AIIC's argument that its violations of the trial court's Orders resulted in no prejudice to the Luszczynskis also is unavailing. AIIC essentially argues that no prejudice could result from its violations of the trial court's Orders because, according to AIIC, the trial court had no authority to issue those Orders before it issued an order as to whether the Luszczynskis possessed a valid assignment. Again, AIIC's argument is based upon the incorrect premise that it may defy court orders if it disagrees with them. Contrary to AIIC's position, the trial court had authority to issue the Orders in question, AIIC was required to comply, and real prejudice could result from its violations of those Orders.

¶ 18 Finally, AIIC argues that a default judgment was too harsh a sanction in this case because it prevented AIIC from defending the Luszczynskis' underlying claim. Although we agree that the default judgment had that effect, we reject AIIC's argument that that demonstrates that the trial court abused its discretion by imposing a default sanction in this case. Although we recognize that the entry of a default judgment will be proper only rarely, we will uphold such a sanction when the discovery violation is sufficiently egregious. In this case, AIIC had numerous opportunities to comply with the trial

court's Orders and to proceed with its defense of the Luszczynskis' claims prior to the entry of the default judgment. AIIC instead chose to violate the trial court's Orders. *See Miller Oral Surgery, Inc. v. Dinello,* 416 Pa.Super. 310, 611 A.2d 232 (1992) (affirming a $300,000 default judgment entered against the defendants for violating the trial court's Order to provide information and documents to the plaintiff), *appeal denied,* 533 Pa. 651, 624 A.2d 111 (1993); *Spilove v. Cross Transportation, Inc.,* 223 Pa.Super. 143, 297 A.2d 155, 157 n. 4 (1972) ("Entry of a default judgment is a proper course of action when a party unreasonably fails to answer interrogatories, thus preventing the cause of action from going forward."). For all the foregoing reasons, we conclude that the trial court did not abuse its discretion in sanctioning AIIC with a default judgment for its repeated violations of the trial court's Orders.

¶ 19 With respect to AIIC's attempt to raise in this appeal the issue of whether the trial court properly concluded that the Luszczynskis possessed a valid assignment of Bradley's bad faith claim against AIIC, we conclude that AIIC failed properly to preserve that issue for our review. If AIIC believed that it had a legal defense to the Luszczynskis' underlying claims, the proper way for AIIC to preserve that claim for appellate review would have been to file an appropriate pleading or motion or otherwise to raise that issue with the trial court before it chose to violate the trial court's Orders.[7]

---

**6.** AIIC further argues that it should not be deemed to have violated the trial court's November 14, 1997 Order requiring it to appear for a deposition because the service of the subpoena scheduling that deposition was not technically proper, which AIIC claims was a condition precedent to its obligation to comply with that Order. By agreeing to accept service of the subpoena, however, AIIC's counsel waived such technical objections to service. The trial court was correct in its determination that AIIC violated its November 14, 1997 Order as well as its January 9,

1998 Order, which AIIC admits that it violated.

**7.** Although AIIC filed a Motion for Protective Order on October 29, 1997, that Motion cannot reasonably be construed to raise any issue relating to the validity of Bradley's assignment to the Luszczynskis and, therefore, AIIC failed to preserve any such issue for our review. Even if that Motion could reasonably be construed to have raised such an issue, which we have concluded it cannot, upon its denial, AIIC was obligated to abide by that denial and to appear for the ordered deposi-

AIIC, however, failed to file with the trial court any pleading or other motion that even arguably raised the issue of the validity of the assignment until it filed its Petition to Set Aside Writ of Execution, after it violated the trial court's Orders. AIIC's Petition was filed too late to have preserved that issue properly for our review. By choosing to violate the trial court's Orders rather than complying with the procedural rules of law for the preservation of issues for appeal, AIIC has precluded our review of its contention regarding the validity of the assignment to the Luszczynskis.[8]

¶ 20   Order affirmed.

tion.   By subsequently refusing to comply with the trial court's Orders, AIIC failed to continue to preserve for our review any issue relating to the validity of Bradley's assignment.

8.   Even if AIIC properly had preserved the issue regarding the validity of the assignment, we agree with the trial court that the June 25, 1997 assignment was a valid assignment.   Additionally, we reject AIIC's contention on appeal that that assignment was inadmissible hearsay because AIIC failed to make and preserve a hearsay objection when that assignment was offered and admitted into evidence.