**Ciccone v. Allstate Insurance Co.**

C.P. of Monroe County, no. 290 Civil 1998.

*Brett J. Riegel,* for plaintiffs.
*Robert G. LaBar,* for defendant Allstate Insurance Co.

WALLACH MILLER, *J.,* November 9, 2000—This matter comes before the court upon plaintiffs' motion to compel discovery.

Plaintiffs Garry and Cathy Ciccone, husband and wife, reside at 5853 Seven Nations Drive, Tobyhanna, Monroe County, Pennsylvania. Defendants are Allstate Insurance Company and Bradley W. Steckel, an Allstate agent from whom plaintiffs purchased homeowners' insurance in 1986.

On January 7, 1996, during a winter storm, plaintiffs noticed water leaking into their house from the living room window and water pouring in from the top of the same window frame. They allege the water reached the window because of the failure of the roof and damaged the paint, rug, wall and floor of their home. Plaintiffs reported the loss to their insurance agent, defendant Steckel, on January 8, 1996.

An Allstate representative inspected the damage and checks were issued on January 10, January 16 and January 26, 1996 for storm-related damage. On January 27, 1996, an independent adjuster investigated the roof at the Ciccone home. Defendants allege that this independent adjuster conducted re-inspections after Allstate made payment for repairs. Plaintiffs further allege that

this independent adjuster was an Allstate inspector and that he suggested to them that the roof needed repair to avoid future problems. A dispute then arose between the Ciccones and Allstate over the roof damage claim.

On May 11, 1996, plaintiffs received a denial of the roof claim and after an exchange of correspondence between the Ciccones and Allstate, Allstate allegedly issued a final denial of this claim. Plaintiffs allege they then received a cancellation notice from Allstate. This lawsuit alleging bad faith on the part of Allstate was filed January 13, 1998.

Plaintiffs sent interrogatories to Allstate on or about April 27, 1999 which were not answered. On August 10, 1999, Allstate sent partial responses to the plaintiffs and specifically objected to certain interrogatories. On August 16, 1999, plaintiffs requested full and complete answers to their interrogatories pursuant to Pa.R.C.P. 4009.12(a), and advised that they would pursue a motion to compel if defendants were unresponsive.

Plaintiffs did file a motion to compel and we scheduled oral argument on the matter on October 10, 2000. Prior to oral argument, certain objections made by Allstate were resolved but outstanding are still objections to interrogatories no. 16, 19, 20 and 21.

While we find that plaintiffs' argument to compel has some merit, we cannot grant their motion in its entirety.

The general scope of allowable discovery is set forth in Pa.R.C.P. 4003.1. In particular, Pa.R.C.P. 4003.1(a) states:

"Subject to the provisions of Rules 4003.2 to 4003.5 inclusive and Rule 4011, a party may obtain discovery

regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, content, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

However, interrogatories must be specific and to the point. *Brownstein v. Philadelphia Transportation Company,* 46 D.&C.2d 463 (1969). Interrogatories cannot be so broad that the answering party is unable to readily identify the facts being sought. *Bleznak v. Mason,* 2 D.&C.3d 515 (1977). Moreover, Pa.R.C.P. 4011(b) provides that no discovery or deposition shall be permitted which would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any other person or party.

Plaintiff has requested responses to 29 interrogatories, many with numerous subparts. Number 16 requests the following:

"For each policy provision (*i.e.,* including policy language, exclusion, endorsement, exception, addenda, rider, etc.) relied upon you in denying coverage, and/or indemnity, and/or reserving your rights in connection with any claim:

"(a) Identify the draft(s) of the language of such provision;

"(b) Identify all documents submitted to or filed with any state of the United States concerning such provision;

"(c) Identify each lawsuit in which you have been a party at any time since January 1, 1996 which involved the construction and/or meaning and/or applicability of such provision by giving the caption, parties, court(s), docket number(s), date commenced and date terminated and disposition."

We find that these interrogatories are overly broad. Plaintiffs have not limited these interrogatories to a reasonable geographic area, nor to claims more specifically related to that before the court. We find it very unreasonable for plaintiffs to expect defendants to search its files for claims as far away as Alaska, Arizona, Wisconsin, etc. to establish its case. Furthermore, this interrogatory does not even limit the type of claim it requests information about to the type of claim brought by plaintiffs. In essence, these interrogatories could yield information from tens of thousands, if not hundreds of thousands of claims, the vast majority of which would not reveal the relevant facts plaintiffs intend. There are even such vast differences and factors such as climate, weather and construction standards even between Monroe County and its adjoining neighbors that the interrogatories as stated would yield information well beyond that considered reasonable or even relevant.

We further find these interrogatories to cause undue and unreasonable expense to the defendant if they were to comply. The broad geographic scope of the inquiry spans the 50 states of this country not to mention the claims that may extend internationally. Were the defendants forced to comply with such motion to compel, the time and expense involved would be excessively burdensome and the relevancy questionable.

A trial court is given discretion in determining the appropriate action for discovery violations. *Luszczynski v. Bradley,* 729 A.2d 83 (Pa. Super. 1999). After careful consideration of the oral argument and the record, we find that more focused interrogatories would facilitate resolution of this matter. Therefore, we will narrow the scope of these interrogatories and require the defendants to only respond and provide the relevant policy information relating to roof coverage claims on homeowners' insurance policies within Monroe County, Pennsylvania. We do this in light of the fact that even within Monroe County differences in elevation cause different weather patterns which are significant.

Defendants next raise an objection to interrogatory no. 19 that requests information on reserves and decisions made by Allstate on maintaining such reserves for claims. Plaintiffs contend that information about Allstate's reserves would assist in establishing a pattern of bad faith claims on Allstate's part by showing whether or not Allstate made reasonable settlement offers.

In *Fretz v. Mutual Benefit Insurance Co.,* 37 D.&C.4th 173 (1998), our colleague, the Honorable R. Stanton Wettick, of the Allegheny County Court of Common Pleas found in a similar case that the amount of an insurance policy's reserve may not necessarily be an accurate calculation of an equitable settlement, but the procedures or manner in which the reserves were calculated might assist in determining whether the reserve accurately reflects a just settlement claim. Similarly, we cannot conclude at this point that the amount of reserves are relevant in this case. However, we agree that the matter in

which the reserves are determined may resolve this issue. Therefore, we modify interrogatory 19 by withdrawing the inquiry into the amount of the reserve but allowing the remainder of the inquiry.

Finally, in interrogatories 20 and 21, plaintiffs request Allstate to provide them with each request made since January 1, 1991 made under a homeowners' insurance policy which sought coverage for roof damage and with respect to which coverage was denied. They also request information as to whether an action was filed in connection with any such situation and request the caption, court parties, docket numbers, date commenced, termination and disposition. Plaintiff argues that these two interrogatories are relevant to the claim of bad faith against defendants. As we discussed above in interrogatory no. 16, we find that the scope of the inquiry to be extremely broad, thus being burdensome to the defendants. Claims are handled differently based on the weight given various factors from locality to locality. Therefore, we narrow the scope of these interrogatories to cover only Monroe County and compel defendants to answer these interrogatories as amended.

Accordingly, we enter the following order.

## ORDER

And now, November 9, 2000, defendant Allstate Insurance Company is directed to respond to the interrogatories propounded by the plaintiff as set forth in the foregoing opinion.