**Perrini v. Madison Township Board of Supervisors**

*Nicholas E. Fick,* for plaintiffs.

*John C. McMeeking II* and *Susan M. Dean,* for defendant Madison Township Board of Supervisors.

*Gerald A. Connor,* for defendant Madison Township.

*Susan Smith Lloyd,* for defendant Hanson Aggregates.

*Howard A. Rothenberg,* for defendant Garvey.

MINORA, *J.,* June 4, 2009—The issue presently before the court is plaintiffs' and defendant Hanson Ag-

gregates' appeal from special trial master (STM) Richard S. Campagna's order dismissing defendant David Garvey P.E. from the case.

## FACTS

In 1996, plaintiffs Teresa Perrini and Theresa Koziell purchased a house in Madison Township, Lackawanna County, Pennsylvania. In 2002, Madison Township undertook a road improvement project that involved repaving TR-344, deepening the drainage ditch that runs along the side of the road opposite plaintiffs' house, and replacing drainage cross-pipes running underneath the road.

In December of 2003, plaintiffs sued the defendants alleging that the 2002 road improvement project resulted in increased water on their property. Plaintiffs allege three activities undertaken as part of the road improvement project that resulted in additional water on their property: (1) an alleged change in the slope of TR-344; (2) deepening of the drainage ditch running parallel to TR-344 that allowed water to infiltrate under the road; and (3) failure to re-establish a drainage cross-pipe underneath TR-344 to divert water from plaintiffs' property.

## PROCEDURAL HISTORY

On April 10, 2008 STM Campagna issued an order granting a rule on all parties to present evidence to show cause why defendant Garvey should not be discharged as a party in this matter. The rule returnable and hearing was set for 9:30 a.m. on October 16, 2008.

On October 16, 2008 counsel/representatives for defendant Hanson did not appear at the hearing before the STM. Plaintiffs,[1] counsel for defendant Madison Township, and counsel for defendant Garvey were present for the hearing on October 16, 2008. On October 16, 2008 STM Campagna issued an order dismissing defendant David Garvey from the case.

Defendant Hanson and plaintiffs filed appeals to STM Campagna's order of October 16, 2008. An oral argument was held on February 26, 2009 and briefs have been submitted by the parties. This matter is now ripe for disposition.

## LEGAL ARGUMENTS

Plaintiffs assert that STM Campagna, pursuant to the local rules of civil procedure only has the authority to set the time for filing dispositive motions and the dismissal of a party should be done by the dispositive motion for summary judgment, which the STM does not have the authority to hear.

Defendant Hanson asserts that STM Campagna lacked the authority to dismiss a party from the case, that the procedure purporting to dismiss defendant Garvey is invalid because defendant Garvey did not present a petition for rule to show cause, and that defendant Garvey did not seek to be dismissed through summary judgment or another appropriate procedure.

Defendant David Garvey asserts that Lackawanna Rules of Civil Procedure 4000 and 4000.1 give STM

---

1. Plaintiffs' counsel was not present at the meeting.

Campagna the authority to issue deadlines for the completion of discovery and the exchange of expert reports. Therefore, defendant Garvey asserts that STM Campagna is also empowered to enforce those deadlines if they are not complied with by issuing appropriate sanctions, which could include dismissal of a party.

## LEGAL ANALYSIS

The Lackawanna County Local Rules of Civil Procedure state:

*"Lacka.Cty.R.C.P. 4000:* Motion praecipe for discovery and scheduling matters.

"(a) Any court order regarding discovery, including orders involving sanctions and pretrial deadlines for the completion of discovery, the exchange of expert reports, the filing of case dispositive motions and other scheduled matters prior to the filing of a certificate of readiness, which a party seeks pursuant to any provisions of Pa.R.C.P. 4001 thru 4020 or any provisions of the Rules of Civil Procedure of the court of common pleas of Lackawanna County pertaining to discovery or scheduling order shall be sought by the presentation of a motion in compliance with the provisions of Lacka.Cty.R.C.P. 206.1, 4000.1 and 4000.19.

*"Lacka.Cty.R.C.P. 4000.1:* Motion for presentation before a special trial master.

"(a) Presentation to the court of a motion pursuant to Lacka.Cty.R.C.P. 4000 shall in all circumstances be initially presented to and decided by a special trial master appointed by the court who shall follow the same procedures set forth in Lacka.Cty.R.C.P. 4000.

"(b) An order of the special trial master may be appealed de novo by presentation of an appeal motion to the court, together with proof of payment of the clerk of judicial records of an appeal cost of an amount to be set by the court from time to time. The appeal motion shall be filed within 10 days of the order of the special trial master and shall be considered by the court pursuant to Lacka.Cty.R.C.P. 4000.

"(c) Motions practice before the special trial master shall be conducted in compliance with Lacka.Cty.R.C.P. 206.1 and the master shall hear motions in the Lackawanna County courthouse on Monday and Thursday at 9:30 a.m., unless otherwise agreed by counsel and the master or by order of the master.

"(d) Presentation of a motion in any case in which the special trial master is involved shall be presented to the court rather than through the procedure set forth in this rule.

"*Lacka.Cty.R.C.P. 4019:* Petitions for sanctions before a special trial master.

"(a) Any party seeking sanctions pursuant to Pa.R.C.P. 4019 for violation of an order of the special trial master pursuant to Lacka.Cty.R.C.P., of an order of the court pursuant to Lacka.Cty.R.C.P. 4000, or otherwise pursuant to Pa.R.C.P. 4019 shall, in all circumstances, initially do so by motion to the special trial master pursuant to Lacka.Cty.R.C.P. 4000.1.

"(b) Any order of the special trial master granting or denying a sanction may be appealed de novo by presentation of an appeal motion to the court, together with proof of payment of the clerk of judicial

records of an appeal cost of an amount to be set by the court from time to time, and said appeal motion shall be considered by the court pursuant to Lacka. Cty.R.C.P. 4000.

"*Lacka.Cty.R.C.P. 206.1:* Definition of petition.

"(a) In addition to an application to open a default judgment or a judgment of non pros, a party seeking relief from the court shall proceed by petition and rule when the party is seeking an order which is not otherwise covered by any statute or rule of civil procedure governing motions, including an order:

"(1) imposing sanctions for failure to obey a discovery order;

"(2) holding a party or witness in contempt;

"(3) granting relief from any other judgment, including judgments entered by confession; or

"(4) granting a preliminary injunction

"(b) Any person presenting a petition seeking the issuance of a rule to show cause must follow the procedures set forth in Lacka.Cty.R.C.P. 206.4(c)."

We first note that all parties have properly brought their discovery appeal to the decision of special trial master before this court pursuant to Lacka.Cty.R.C.P. §§4000.1(b) and 4019(b), which permits an order of a STM to be appealed de novo by presentation of a motion to the court to be filed within 10 days of the appealed decision and upon proof of payment to the court of appropriate costs. We find that the present appeals are properly before this court.

In Pennsylvania, the purpose of an appeal de novo is to give a litigant a new trial without reference to the record established in the minor court. *Gladstone Partners LP v. Overland Enterprise Inc.,* 950 A.2d 1011, 1014 (Pa. Super. 2008). The sine qua non of de novo review is not that the person or body conducting the review hears testimony anew; rather it is that such person or body possess and exercise the authority to arrive at an independent judgment on the matter in dispute. *West Chester Area School District v. Collegium Charter School,* 571 Pa. 503, 812 A.2d 1172 (2002). De novo review entails full consideration of case anew; reviewing body as in effect substituted for prior decision maker and redecides the case. *Rebert v. Rebert,* 757 A.2d 981 (Pa. Super. 2000).

Under the Lacka.Cty.R.C.P. §4000 a STM has the authority to set discovery deadlines for expert reports and enforce those deadlines. Under Lacka.Cty.R.C.P. §§4000.1 and 4019 the STM has the authority to issue sanctions for violations of the STM discovery deadlines, pursuant to Pa.R.C.P. §4019.

Pa.R.C.P. 4019 states in part:

"(a)(1) The court may, on motion, make an appropriate order if:

"(viii) a party or person otherwise fails to make discovery or obey an order of court respecting discovery.

"(c) The court, when acting under subdivision (a) of this rule, may make

"(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed,

or entering a judgment of non pros or by default against the disobedient party or party advising the disobedience;

"(5) Such order with regard to failure to make discovery as is just."

The decision whether to sanction a party for a discovery violation and the severity of such a sanction are matters vested in the sound discretion of the trial court. *Philadelphia Contributionship Insurance Co. v. Shapiro,* 798 A.2d 781, 785 (Pa. Super. 2002); see also, *Luszczynski v. Bradley,* 729 A.2d 83, 87 (Pa. Super 1999). The appellate court will not reverse a trial court's order imposing a sanction unless the trial court abused its discretion. *Luszczynski v. Bradley, supra* at 87. When determining the appropriate sanction under Rule 4019 a trial court must weigh the following factors.

"(1) the nature and severity of the discovery violation;

"(2) the defaulting party's willfulness or bad faith;

"(3) prejudice to the opposing party;

"(4) the ability to cure the prejudice; and

"(5) the importance of the precluded evidence in light of the failure to comply."[2]

The exercise of judicial discretion in formulating the appropriate sanction order requires the court to select a

---

2. *Philadelphia Contributionship Insurance Co. v. Shapiro,* 798 A.2d 781, 785 (Pa. Super. 2002); see also, *Croydon Plastics Co. v. Lower Bucks Cooling & Heating,* 698 A.2d 625 (Pa. Super. 1997).

punishment which "fits the crime". *Dunn v. Maislin Transport Ltd.,* 310 Pa. Super. 321, 325, 456 A.2d. 632, 634 (1983). The most severe sanction a trial court can issue is dismissing the lawsuit. *Philadelphia Contributionship Insurance Co. supra* at 785; see also, *Croydon Plastics Inc. v. Lower Bucks Cooling & Heating,* 698 A.2d 625, 629 (Pa. Super. 1997). The entry of default judgment will be proper only rarely, and in extreme circumstances. *Sahutsky v. Mychak, Geckle & Welker P.C.,* 900 A.2d. 866 (Pa. Super. 2006). See also, *Luszczynski v. Bradley,* 729 A.2d 83, 88 (Pa. Super. 1999). "Therefore, dismissal is only appropriate where after 'balanc[ing] the equities,' the court concludes that 'the violation [of the discovery rules] is willful and the opposing party has been prejudiced.'" *Philadelphia Contributionship Insurance Co., supra* at 785 (Pa. Super. 2002).

## 1. *The Nature and Severity of the Discovery Violation*

In the instant case the nature of the discovery violation was the disobeyence of STM Campagna's April 10, 2008 order (rule returnable) directing the parties to present, in six months, all evidence and expert reports they had showing defendant Garvey's fault in this matter. STM Campagna's order outlined that if no evidence was presented within six months he would dismiss defendant Garvey from the lawsuit. As no parties presented any evidence and no expert reports on October 16, 2008 STM Campagna dismissed defendant Garvey from the lawsuit.

This violation was severe because for five years defendant Garvey has been a party to this suit and been

forced to defend this suit, while no specific allegations and evidence has been offered to show his involvement. Also, the April 10, 2008 order of STM Campagna set a hearing for the presentation of evidence and expert reports of the parties for October 16, 2008. At said hearing defendant Hanson failed to appear and attorney for the plaintiffs failed to appear. Defendant Madison Township appeared but presented no evidence or expert reports and did not challenge the dismissal of defendant Garvey. Defendant Hanson and plaintiffs' attorney did not feel it necessary to attend the hearing on October 16, 2008 or present expert reports and thereby failed to comply with the STM order.

Plaintiffs' attorney was unable to make it to the October 16, 2008 hearing due to weather conditions delaying his return from a hunting trip, however the STM gave six months to present evidence and expert reports and in that time frame plaintiffs failed to present any. Further it was not until four days after STM Campagna dismissed defendant Garvey from the suit that plaintiffs filed a motion to extend the discovery deadline. Plaintiffs further claim they could not produce an expert report indicating defendant Garvey's liability until they obtained a third set of core samples from TR-344, which were not taken until January 2009. While this may be true, it does not explain why plaintiffs did not ask for a timely extension of the discovery deadline, waiting until four days after STM Campagna ordered the dismissal of defendant Garvey and then seeking a discovery extension, or why no new expert report has been produced now that plaintiffs have the third set of core samples. Plaintiffs' attempt to justify their disobedience

of STM Campagna's order is insufficient and untimely.

From our analysis above it is this court's conclusion that the discovery violation was severe enough to warrant the dismissal of defendant Garvey.

## 2. *The Defaulting Party's Willfulness or Bad Faith*

To determine whether a party acted willfully or in bad faith, the court must examine the record. *Stewart v. Rossi,* 452 Pa. Super. 120, 126, 681 A.2d 214, 217 (1996). Rule 4019 does not expressly require the imposition of an order compelling discovery as a prerequisite to the trial court's authority to impose an appropriate sanction. *Griffin v. Tedesco,* 355 Pa. Super. 475, 481, 513 A.2d 1020, 1023 (1986).

However, the Pennsylvania Superior Court found that a "lone violation of the Pennsylvania Rules of Civil Procedure without something further could not be deemed 'willful,' 'contemptuous' or 'dilatory'." *Philadelphia Contributionship Insurance Co. supra* at 785, quoting *Estate of Ghaner v. Bindi,* 779 A.2d 585, 589 (Pa. Super. 2001). In the *Ghaner* case the record revealed only a single failure to comply with the rules of civil procedure. The court reasoned that since there was not a repeated failure to comply with the rules of civil procedure and the conduct was inadvertent, the granting of a severe sanction (dismissal of the case) would be unwarranted. *Ghaner supra* at 590.

While in the present case the record reveals only a single failure to comply with a court order, we find this is sufficient to be deemed willful. STM Campagna gave

the parties six months to present expert reports showing defendant Garvey's liability. However, the parties completely ignored this order and not a single expert report was presented to the court. Normally parties are given 20 or 30 days to comply with discovery orders, rules returnable, but in this instance STM Campagna gave the parties six months. This extended time frame coupled with the lack of production of expert reports, and the fact that only a party was dismissed and not the entire case; leads this court to conclude that the parties acted willfully in their disregard for STM Campagna's discovery order, perhaps because the evidence simply is not available to comply with the STM's order.

### 3. *Prejudice to the Opposing Party*

In the case sub judice we see no or only minimal prejudice to the opposing parties. Only one party, and not plaintiffs' entire case has been dismissed. The plaintiffs still have their case against defendants Hanson and Madison Township. Defendant Hanson still has an indemnification and contribution claim against defendant Madison Township.

Further, no party has asserted that the dismissal of defendant Garvey has created a prejudice. The parties' main assertions in this matter are that STM Campagna lacked the authority to dismiss defendant Garvey. The parties opposing the dismissal discovery sanction, have still not shown nor alleged any prejudice. There still exists no evidence shown to this court, even after core samples have been taken, that implicates defendant Garvey. As such, it is the conclusion of this court that the prejudice to the opposing parties is not even proven

to exist, and therefore does not rise to a level which implicates the sanction of dismissal was unwarranted.

## 4. *The Ability To Cure the Prejudice*

As we have already concluded prejudice is not a factor in this case, this factor is not relevant to our analysis of this case.

## 5. *The Importance of the Precluded Evidence in Light of the Failure To Comply*

As no evidence has been either produced or precluded by our decision in this case and the preclusion of evidence is not being advocated as an option, this factor is not relevant to our analysis of this case.

## CONCLUSION

After reviewing the Lackawanna Rules of Civil Procedure and the Pennsylvania Rules of Civil Procedure it is the conclusion of this court that STM Campagna has the authority to set discovery deadlines, enforce discovery deadlines with sanctions when appropriate, and when deemed appropriate issue the discovery sanction of dismissing a party from a lawsuit.

Upon reviewing the record de novo and weighing the factors to determine the appropriate discovery sanction, it is the conclusion of this court: that the nature and severity of the incident warrants a dismissal, there was willfulness, and that the prejudice suffered by opposing parties was virtually nonexistent if any at all was suffered. Therefore, it is the opinion of this court that STM Campagna's order of October 16, 2008 dismissing defendant

David Garvey P.E. is sustained and upheld and the plaintiffs' and defendant Hanson Aggregates' appeals of STM Campagna's order dated October 16, 2008 are denied and dismissed. An appropriate order follows.

## ORDER

And now, June 4, 2009, upon consideration of the pleadings, their supporting briefs, and the able oral arguments of counsel for the parties; STM Campagna's order of October 16, 2008 dismissing defendant David Garvey P.E. is sustained and upheld and the plaintiffs' and defendant Hanson Aggregates' appeals of STM Campagna's order dated October 16, 2008 are denied and dismissed.